FRANK W. MATTESON ET AL., APPELLEES, v. CREIGHTON UNIVERSITY, APPELLANT.

FILED NOVEMBER 10, 1920. No. 21590.

1. **Constitutional Law:** DISTRICT COURTS: JURISDICTION. Under the state Constitution, district courts have equity jurisdiction, and it may be exercised without legislative enactment.

2. **Charities:** ADMINISTRATION. In the exercise of equity jurisdiction, the district courts may supervise the administration of charitable trusts.

3. ———: TRUST PROPERTY: ALIENATION. Alienation of trust property to carry out the original design of the donor may be permitted by a court of equity, though not authorized by the instrument creating the trust or by legislative enactment.

4. ———: ———: ———. Owing to changed conditions, equity may permit a trustee to sell real estate charged with a charitable trust, to invest the proceeds in interest-bearing securities, and to apply the interest to beneficial uses in lieu of the former rents, when manifestly for the benefit of the trust, though the terms of the grant do not authorize such a sale.

5. ———: ———: EQUITY JURISDICTION. Where the form of trust property is legally changed, the trust follows it in its new form with equity's supervisory power of administration unchanged.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. Affirmed.

*Edwin F. Leary,* for appellant.

*Brogan, Ellick & Raymond,* contra.

ROSE, J.

This is a suit in equity to quiet in plaintiffs the title to lot 2, block 192, in the original city of Omaha. A demurrer to the petition was sustained, and, defendant electing to stand on its demurrer and refusing to plead further,

a decree was rendered in favor of plaintiffs. Defendant has appealed.

The lot described is situated in a business district, and on it there is a five-story brick building which is rented for warehouse purposes. When John A. Creighton owned the property he conveyed it by warranty deed October 15, 1906, to defendant, the Creighton University, a corporation having authority to conduct an educational institution and to accept and execute trusts for that purpose. Grantor in his deed created, and defendant as trustee accepted, a charitable trust in the following terms:

"The said the Creighton University is to keep, maintain and preserve the premises and property herein above described and use the rents, issues, revenues and money derived therefrom primarily for the support, maintenance and development of Creighton College at Omaha, Nebraska, maintaining such classes and faculty as may be necessary in conducting high schools and college departments; the surplus if any of said rents, revenues and money derived from said property remaining after supplying the needs of said Creighton College is to be devoted to the maintenance and development of the Creighton University."

The trust as created was administered by defendant with the property in specie for more than 13 years. In the meantime conditions changed. The building deteriorated and the value of the lot increased until interest at the rate of 6 *per centum per annum* on the sale value of the property would exceed the net rental value to the extent of $1,340 in a year. On a proper petition containing all of the essential facts the district court, in the exercise of chancery or equity jurisdiction, authorized defendant to sell the trust property for $100,000 and to invest the proceeds in interest-bearing securities for the benefit of the trust. Pursuant to the authority thus granted, plaintiffs bought the real estate described for the fully paid consideration of $100,-000 and defendant conveyed the title to them by warranty deed.

According to the petition to quiet title, the cloud of which plaintiffs complain arises from the apparent re-

strictions in the deed creating the trust. Defendant as trustee was not therein specifically authorized to sell the trust property, nor is such authority to be found in any statute. There is no statute conferring upon the district court in specific terms power to authorize a corporation like defendant to sell property acquired on the terms imposed by the trust deed. These considerations, however, do not control the decision. The chancery or equity powers of the district courts come from a higher source than legislative enactment. The Constitution declares: "The district courts shall have both chancery and common-law jurisdiction." Article VI, sec. 9. The equity jurisdiction thus conferred may be exercised without the aid of legislation.

One of the well-recognized grounds of equity jurisdiction is supervision of the administration of trusts.

Alienation of trust property to carry out the original design of the donor may be permitted by a court of equity, though not authorized by the instrument creating the trust or by legislative enactment.

Owing to changed conditions, equity may permit a trustee to sell real estate charged with a charitable trust, to invest the proceeds in interest-bearing securities, and to apply the interest to beneficial uses in lieu of the former rents, when manifestly for the benefit of the trust, though the terms of the grant do not authorize such a sale.

Where the form of trust property is legally changed, the trust follows it in its new form with equity's supervisory power of administration unchanged.

These rules of equity are firmly established. They are founded on wisdom and justice, and it is unnecessary to go into their history or into the philosophy on which they rest. The present case is a typical one for the application of the principles stated. The use of "the rents, issues, revenues and money" derived from the real estate "for the support, maintenance and development of Creighton College" was the primary and fundamental object of the grant. Neither the building nor the ground was intended to be used directly for educational purposes. Interest-bearing

securities purchased with the proceeds of the sale will create a much larger current fund than the realty itself. To the extent of the increase the purpose of grantor would be thwarted, if the sale were not made. The interest of the trust requires the change. The trust attaches to the property in its new form without impairing the security, and it will thus be protected by the same supervisory power under which equity authorized the change. The trust deed contains no condition forbidding a sale by the trustee or by the beneficiaries of the trust. The right to make such a sale has not been taken away by statute. The reasons for the sale make a strong appeal to a court of equity. There is no legal objection to the permission granted.

The title, therefore, was properly quieted in plaintiffs, and the judgment is

AFFIRMED.

MORRISSEY C. J., and DAY, J., not sitting.