BENTLEY, ET AL. v. WHITNEY BENEFITS

W. O. WILSON, Attorney General, Intervener

(No. 1608; October 22, 1929; 281 Pac. 188)

W. O. Wilson, Attorney General of Wyoming, intervened on behalf of beneficiaries under the will of Edward A. Whitney. There was a judgment and decree in favor of plaintiffs and the attorney general appeals.

For the intervenor and appellant there was a brief by *W. O. Wilson,* Attorney General, and *J. A. Greenwood,* Deputy Attorney General.

For the respondents there was a brief by *John G. Hutton* and *R. E. McNally.*

14

RINER, Justice.

On November 18, 1917, one Edward A. Whitney died, leaving sundry real and other property in Sheridan County of this state. For the purpose of disposing of this property in accordance with his wishes, he left a will, dated May 9, 1917, with several attached codicils—each, except the last one, bearing even date with the will. The final codicil was dated November 16, 1917—two days before the testator's demise. The purpose of this testamentary disposition of his property was, as is defined in the will and more elaborately in "Codicil A" thereof, to "constitute a charitable trust for public educational purposes in the state of Wyoming, and non-sectarian in character, to be administered for the purposes named, entirely freed from any sectarian control of any kind."

In due time the will was offered for and admitted to probate in the District Court of Sheridan County and three executors were appointed to administer its provisions. These executors were also designated in the instrument as the "Will Trustees," and were vested with broad powers of management and control of the property covered by the will, for the purposes thereof, authority being specifically given them to "sell and convey any and all of said property and any of the reinvestments and accumulations thereof from time to time for such prices and upon such terms as

they shall see fit, for the purpose of reinvestment." The administration of the estate was conducted by the executors and "Will Trustees" until December 31, 1927.

On December 9, 1927, agreeable to the terms and directions contained in the will, the executors organized a corporation, named the "Whitney Benefits," respondent herein, under and by virtue of the general incorporation laws of this state and "particularly"—as is stated in its certificate of incorporation—"under Sections 5408 to 5410 of the Wyoming Compiled Statutes 1920," its avowed object and purpose being "to act as a charitable trust" thereunder. In further assurance of the powers of the corporation, its certificate of incorporation in terms declared that "the said corporation shall have all powers mentioned and set forth in Section 5410 of the Wyoming Compiled Statutes of 1920." In passing it may be noted that Sections 5408 to 5410 inclusive came into the Compiled Statutes of 1920 by reason of their enactment as Chapter 34 of the Session Laws of 1915.

Near the close of the year 1927, all the assets and properties of the Whitney Estate were, by the "Will Trustees" and executors, transferred and conveyed to the corporation "Whitney Benefits," and the estate closed by an order of the District Court of Sheridan County—said corporation being now the sole owner of and in possession and control of all the conveyed properties. After the title to these properties had thus passed to the corporation and it had undertaken their due management, a controversy arose questioning the right, power and authority of "Whitney Benefits" to sell and convey real estate owned by it and standing of record in its name. In consequence of this difficulty, one of the trustees of the corporation with other interested parties and the corporation itself, united in a request, upon a petition filed setting out the facts of the matter in the main as given hereinabove, that the District Court of Sheridan County determine the right and authority of "Whitney Benefits" corporation to so act.

Thereafter the Attorney General of this state was, by the court, authorized, directed and required to appear and defend in the proceeding "on behalf of the beneficiaries of the property and estate now owned and being administered" by the "Whitney Benefits." Acting under the authority and direction thus given, he filed an answer in substance denying the right of the corporation to convey real estate and alleging that the true intention of the testator by his will aforesaid was to prohibit said corporation from selling or conveying any of the real estate thereby devised.

Issue having been joined, the District Court of Sheridan County, after having heard and considered the evidence offered by the several parties, entered a decree adjudging substantially that the will of Edward A. Whitney was drawn and executed pursuant to Sections 5408, 5409 and 5410, W. C. S. 1920, already mentioned, that "Whitney Benefits" was incorporated pursuant to said Section 5409 and possessed all the rights, powers and authority enumerated in said Section 5410, and that the will aforesaid be construed to confer upon said corporation full ownership of the properties transferred to it with absolute power and authority to sell and convey any part or all of its real estate and personal property, and particularly the real estate concerning which the controversy arose. Asking that this decree be reviewed by this court, the Attorney General has brought the matter here by direct appeal.

Our examination of the record and the authorities submitted in the briefs of the parties, supplemented by our own investigations, has led us to the conclusion that the decree of the District Court of Sheridan County was a proper one. As already indicated, in 1915 the legislature passed the law now appearing as Sections 5408 to 5410 inclusive, Compiled Statutes of Wyoming, 1920. A bare perusal of these sections makes it perfectly clear, we think, that they were drawn to provide for just such an arrangement, relative to a charitable purpose, as the testator in the will now before us intended to further his testamentary

disposition of the property he owned. Section 5409 provides, among other things, that:

"The executors, trustees or persons receiving such devise, gifts or legacies may organize and form a corporation under the provisions of and to be governed by, as near as may be, Chapter 344, and the provisions of this act. The purposes and powers of such corporation may include either or all of those mentioned in subdivision fourth, fifth and sixth of Section 5396 of said Chapter 344, and the further purposes, if desired, to establish and maintain a school or schools of technology or other similar institutions, and advance, in such manner as may be found advisable, the education of the youths of this state."

The fifth and sixth subdivisions of Section 5396 of Chapter 344 referred to in the preceding excerpt are to the following effect:

"Fifth—To establish and maintain a college, academy or other like institution for the education of youth or for the purpose of mental and physical improvement.
"Sixth—To promote the diffusion of useful information by other means than above mentioned."

Section 5410, conferring specific authority on corporations formed pursuant to Section 5409, supra, declares that they "shall have power * * * to sell all real and personal property coming into their hands and to reinvest the same in and hold other property."

When the testator executed his will on May 9, 1917, these provisions of law had been in force for several years and undoubtedly he must be held to have had knowledge of them and to have contemplated that the corporation he directed to be formed, as they provided, would possess the enumerated powers they conferred. There is nothing in the terms of the will or its codicils that we can discover which would indicate otherwise.

The "Will Trustees," though only—as the testator himself asserts in subdivision "(g)" of Section 3 of his will—

to administer the properties temporarily, were nevertheless given "full power to sell and convey any and all of said property," as we have seen. Undoubtedly there are strong reasons why the proposed corporation, which was to exist and administer the properties perpetually, unless sooner dissolved as provided by law, should be vested with similar powers. Over long periods of time it is the usual course of human affairs that property values radically change—some pieces become more valuable, others become worthless. Hence a corporation such as the testator obviously contemplated and which he desired to be vested with his property, in order that it might apply the same perpetually to the always important purpose of educating the youth of the state, should, if at all possible, be accorded the right to fully protect itself against loss by means of the sale of depreciating assets. The will does not in terms prohibit "Whitney Benefits" from exercising any such power. On the contrary, it provides that the corporation shall—

"manage, lease, control, care for and protect said trust property, invest and continue to reinvest the same in such securities, real or personal, as may be deemed advisable, and with the same powers as hereinbefore granted to the will trustees, and in general control the property fully and completely, as I could do myself."

The significant phrase in the quoted clause, so far as the matter at bar is concerned, is—"and with the same powers as hereinbefore granted to the will trustees."

The provisions of instruments creating charitable trusts are favorably regarded by the courts and are generally construed with the utmost liberality in order to carry out the laudable purpose of the donor. First Congregational Society of City of Bridgeport v. Bridgeport, 99 Conn. 22, 121 Atl. 77, 5 R. C. L. Page 352, Sec. 89.

Then, too, there is the principle which governs courts of equity, which has been stated thus:

"However, despite any lack of power that may exist in the trustee, it is recognized, except in one jurisdiction, that a court of equity has a general and inherent jurisdiction, as incident to the administration of a charity estate, to order the alienation of charity property in a proper case." 11 C. J. p. 354, and extended list of cases cited.

In Matteson v. Creighton University, 105 Neb. 219, 179 N. W. 1009, 1010, the court, after referring to the fact that the district courts in Nebraska—as they are in Wyoming—are vested by the constitution of the state with chancery jurisdiction, proceeds to say:

"The equity jurisdiction thus conferred may be exercised without the aid of legislation.

"One of the well-recognized grounds of equity jurisdiction is supervision of the administration of trusts.

"Alienation of trust property to carry out the original design of the donor may be permitted by a court of equity, though not authorized by the instrument creating the trust or by legislative enactment.

"Owing to changed conditions, equity may permit a trustee to sell real estate charged with a charitable trust, to invest the proceeds in interest-bearing securities, and to apply the interest to beneficial uses in lieu of the former rents, when manifestly for the benefit of the trust, though the terms of the grant do not authorize such a sale.

"Where the form of trust property is legally changed, the trust follows it in its new form with equity's supervisory power of administration unchanged.

"These rules of equity are firmly established. They are founded on wisdom and justice, and it is unnecessary to go into their history or into the philosophy on which they rest."

In the matter at bar, the court below, upon evidence before it, has found, that the sale of the particular real estate of the corporation whose disposition has been questioned can rightly be made, and we discover nothing in the record which would render such conclusion unsound. Undoubtedly no such finding would have been announced if the case were not a proper one, it being understood always that the

proceeds of such sale or sales must be held subject to the provisions of the trust, relative to its charitable features.

Many additional reasons could be advanced in support of the decree under review, but sufficient has been said, in our judgment, to demonstrate that it correctly interpreted the powers vested by law in the ''Whitney Benefits'' corporation. Accordingly the decree of the District Court of Sheridan County is affirmed.

*Affirmed.*

KIMBALL, Justice, and BROWN, District Judge, concur.