CHARLES P. HALL, APPELLANT, v. LYMAN S. HALL ET AL., APPELLEES.

FILED MAY 20, 1932. No. 27943.

*Crossman, Munger & Barton,* for appellant.

*Charles E. Matson, John J. Ledwith, C. E. Sanden* and *Bernard S. Gradwohl, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY and PAINE, JJ., and HORTH, District Judge.

PER CURIAM.

This is a suit in equity to redress a wrong growing out of an abuse of an attorney's confidential relation to his

client. In the county court of Lancaster county Charles P. Hall, on petition of his nine adult children, was adjudged an incompetent person, for whom his attorney, John J. Ledwith, was appointed guardian to manage his estate. There was no appeal from the decision at the term during which it was rendered, and Hall brought an independent suit in equity in the county court to set aside the order adjudging him incompetent and appointing a guardian for him, on the grounds, among others, that he was competent to manage his property and affairs and that the original order to the contrary was the result of constructive fraud on the part of his attorney who, without fully respecting his confidential relation as such, failed to defend the charge of incompetency. Hall was plaintiff in equity and his attorney and guardian and the ward's nine adult children were named defendants. The alleged facts upon which equitable relief was sought were put in issue by the pleadings. In the county court a trial of the proceeding in equity resulted in a nonsuit, from which Hall appealed to the district court with a like result. This is an appeal from the district court to the supreme court. Upon a trial *de novo* Ledwith was exonerated from implications of intentional fraud. The conclusion reached in the appellate court was indicated by the following excerpt from the adopted opinion of Redick, district judge:

"We conclude that the judgment of the district court is erroneous and the same is reversed, with directions to try and determine the question of competency of plaintiff, and, if found incompetent, render judgment dismissing the action; if found competent, to enter judgment for plaintiff vacating the judgment of the county court dated April 17, 1928, and remanding the case to the county court, with instructions to make final settlement of the guardian's account, discharge the guardian and order the return of the property in his possession to plaintiff." *Hall v. Hall*, 122 Neb. 228.

The former opinion contains a more extended statement of the facts. Upon a motion by defendants for a rehearing the cause was reargued and the record considered anew. In a courteous and an illuminating argument at the bar and in an additional brief, counsel for Hall's children challenge as unsound and as contrary to former decisions the following principle of law stated in the syllabus and discussed in the former opinion:

"In an action in equity to set aside a decree in such proceeding finding plaintiff incompetent and appointing a guardian, for fraud or upon other grounds of equitable cognizance, it is not necessary to prove participation by petitioners in the fraud or wrong, since they have no rights entitled to protection under the decree." *Hall v. Hall*, 122 Neb. 228.

Petitioners for the appointment of a guardian on the ground of their father's incompetency insist that there is no evidence of fraud on their part and that the ruling "they have no rights entitled to protection under the decree" is a departure from former holdings in *Tierney v. Tierney*, 81 Neb. 193, and *Prante v. Lompe*, 77 Neb. 377. In those cases it was held in effect that petitioners for the appointment of a guardian for a person on the ground that the latter is incompetent are proper parties in the sense that they may appeal from an adverse decision. In so far as the syllabus quoted and the former opinion in the case at bar conflict with the opinions in the two former cases cited, they are withdrawn. It does not follow, however, that the county and district courts were without power to redress the wrong growing out of the failure of counsel to fully respect the confidential relation of the attorney to his client. This question was not presented or decided in the *Tierney* and *Prante* cases, but is the determining factor in the controversy under consideration. The children of Hall, without any present interest in his property, set in motion the judicial machinery that deprived him of the power to manage his own business affairs. If the decree of incompetency and

the appointment of a guardian amounted to a wrongful judgment resulting from the failure of counsel to make a proper defense to the charge of incompetency, absence of fraud on the part of petitioners did not necessarily prevent the court of equity from redressing the wrong which grew out of the unintentional abuse of the confidential relation of attorney to client—an issue between them in the suit for equitable relief. The statute providing that a judgment may be set aside at a subsequent term of court "for fraud practiced by the successful party" in obtaining it is not always the measure of equitable relief. Comp. St. 1929, sec. 20-2001. It was not the purpose of that enactment to provide for the perpetuation of a wrong resulting from an abuse of the confidential relation in a case like the present, where general powers of a court of equity are invoked. Equity jurisdiction exists independently of statute and comes from the Constitution, a higher source than a legislative enactment. *Abbott v. Johnston*, 93 Neb. 726; *Burnham v. Bennison*, 121 Neb. 291; *Matteson v. Creighton University*, 105 Neb. 219; *Lacey v. Zeigler*, 98 Neb. 380. A mistake of the clerk, an officer of the court, is a statutory ground for setting aside a judgment without proof of fraud on the part of any litigant. Comp. St. 1929, sec. 20-2001; *Crete Mills v. Stevens*, 120 Neb. 794. A practicing attorney is also an officer of the court and his conduct in that capacity is also open to judicial scrutiny. The jurisdiction of equity to deal with this subject is broad as the power granted by statute in respect to the mistake of a clerk of court. Relief from misconduct in the office of attorney is cognizable in a court of equity. Litigants who receive any benefit of his fraud, though not his employers and not actively participating therein, are not always, on that ground, entitled to perpetuate the wrong by closing the door to judicial inquiry. In the present controversy the conduct of Hall's attorney in his official capacity is challenged. The question involves private rights, public policy, the good name of the legal profession and the standing of the courts.

The confidential relation of attorney and client and the former's resulting duty to resist the charge of incompetency under his employment are conclusively established by the evidence. The following principle relating to equity jurisdiction is in force in Nebraska:

"The rules of equity which determine the consequences of acts performed by a fiduciary extend to all cases, where, on one hand, confidence is properly reposed, and, on the other, knowledge or authority or influence arises from the fiduciary relation." *Nebraska Power Co. v. Koenig,* 93 Neb. 68.

This principle applies in full force to the relation of attorney and client. *Hamilton v. Allen,* 86 Neb. 401. The judgment of the district court in the present case was properly reversed on the following ground:

"Where a supposed incompetent, being misled by the advice of his attorneys, makes no defense to proceedings in which he is charged with incompetency, and consents to the appointment of one of his attorneys as guardian, who secured substantial pecuniary benefits thereby, a court of equity will set aside such proceedings as for constructive fraud growing out of the confidential relation of attorney and client, even though, as in this case, the attorney acted in perfect good faith." *Hall v. Hall,* 122 Neb. 228.

On this feature of the present case there does not seem to be any tenable ground for a rehearing.

Misunderstanding of the evidence as indicated by misstatements thereof in the opinion is also urged as a ground for a rehearing. In this connection attention is called to inaccuracies in stating that John Fowler was an officer of the Federal Trust Company, with whom plaintiff had done business exclusively for more than ten years, and in stating that Ledwith, as attorney for the Federal Trust Company and guardian for Hall, advised Hall to make a will naming the Federal Trust Company as executor, anticipating probable employment later on as attorney for the trust company. These and other inadvertent

statements do not affect the result on the merits of the controversy and are withdrawn from the former opinion. The motion for a rehearing is overruled and the judgment of reversal upheld as pronounced.

REVERSED.