JOHN ERIC KENTOPP, APPELLEE, V. MARVIN KENTOPP ET AL., APPELLANTS.
IN RE ESTATE OF FRED KENTOPP,
DECEASED. ARCHIBALD J. WEAVER, PERSONAL REPRESENTATIVE, APPELLANT, V. JOHN ERIC KENTOPP, APPELLEE.
295 N. W. 2d 275

Filed July 22, 1980. Nos. 42933, 42934.

Weaver, Beekman & Merz, for appellants.

Lantzy & Parsons, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

These two partition cases, which have been consolidated in this court on appeal, involve the same parties and the same real estate which was owned by a decedent whose estate was in the process of probate in the county court of Richardson County, Nebraska. One of the two cases was filed in the District Court and one was later commenced in the county court. The District Court determined that it had acquired jurisdiction first because the District Court case was filed first and, after trial in the District Court, entered an order of partition and appointed referees, but did not order a sale. The county court meanwhile took the same view and abated the proceeding in the county court until the disposition of the District Court proceeding. The District Court affirmed that action of the county court on appeal. The personal representative of the decedent's estate has appealed in both cases. The appeals here require this court to determine which of the two lower courts had jurisdiction.

On September 25, 1978, Fred Kentopp died testate, a resident of Richardson County, Nebraska. On Oc-

tober 16, 1978, a petition for formal probate of his will was filed in the county court of Richardson County. On November 13, 1978, the will was admitted to formal probate and Archibald J. Weaver, the person designated in the will, was appointed personal representative of the estate.

The will devised certain farmland owned by the decedent to three of his children and five children of a deceased son. That land is the real estate involved in these appeals.

On November 21, 1978, John Eric Kentopp, one of the grandson devisees of the land involved, filed a partition action in the District Court for Richardson County, Nebraska, praying that the real estate be partitioned, or be sold and the proceeds divided between the parties in accordance with their respective interests.

On November 22, 1978, the personal representative filed an application in the county court of Richardson County pursuant to Neb. Rev. Stat. § 30-24,109 (Reissue 1979). The application stated that the land could not be partitioned without prejudice to the owners nor conveniently allotted to one party, and sought an order of the county court directing the personal representative to sell the real estate.

On December 26, 1978, the personal representative filed an answer in the District Court case in which he alleged that the time limit for filing claims in the estate had not yet expired; that federal estate taxes would probably be required to be paid but had not yet been determined or paid; that the time limit had not yet expired for the surviving spouse of the decedent to elect whether to take a testamentary or statutory share; and that the respective shares of the named devisees were, therefore, not known and were unascertainable. The answer alleged that the District Court did not have jurisdiction of the partition action during the pendency of the estate in the county court.

On February 21, 1979, the county court determined that the District Court had jurisdiction to proceed with the partition action and entered an order abating the application for sale of the real estate in the county court pending the disposition of the partition action in the District Court. The personal representative appealed to the District Court and the District Court affirmed the findings and judgment of the county court.

By the time of trial of the partition action in the District Court in the summer of 1979, the evidence showed that all claims against the estate had been barred; that the time for widow's election had expired and no election had been made; and that the federal estate tax return had been prepared and filed. The evidence in substance, established that there was sufficient personal property to pay all debts, claims, taxes, and expenses of administration. On July 9, 1979, the District Court entered its decree finding that it had jurisdiction of the subject matter and of the parties, ordered partition, and appointed referees. The personal representative has appealed in both cases and the cases have been consolidated in this court.

The personal representative contends that under the provisions of the Nebraska Probate Code, and the present constitutional and statutory provisions dealing with the powers and jurisdiction of courts, the county court has exclusive original jurisdiction over all matters relating to settlement of estates of deceased persons, including jurisdiction to partition or sell real estate owned by the decedent during the pendency of the estate proceedings.

The appellee contends that the District Court and the county court have concurrent jurisdiction to partition real property owned by a decedent during the course of administration of the decedent's estate and that the court which first assumes jurisdiction of an application or petition for partition acquires juris-

diction of the partition proceedings.

Some additional background facts are necessary to put the issue in perspective. Prior to 1970, Neb. Const. art. V, § 1, provided, in part: "The judicial power of the state shall be vested in a supreme court, district courts, county courts, justices of the peace, and such other courts inferior to the supreme court as may be created by law. . . ." Art. V, § 9, provided, in part: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the legislature may provide . . . ." Art. V, § 16, provided, in part: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and in such proceedings to find and determine heirship; appointment of guardians, and settlement of their accounts, and such other jurisdiction as may be given by general law: But they shall not have jurisdiction . . . in civil actions in which title to real estate is sought or drawn into question; nor in actions on mortgages or contracts for the conveyance of real estate . . . ."

Because of the constitutional limitations on the jurisdiction of the county court with respect to real estate and real estate titles, the statutes governing decedents' estates, and the decisions under them, provided that if a partition of real estate was required in an estate proceeding, or if a sale of real estate of a decedent was necessary to pay debts, charges, and costs of administering the estate, the proceedings to partition or sell any real property of the decedent were required to be brought in the District Court. See, Neb. Rev. Stat. 30-1304 to 1307 (Reissue 1964), now repealed; Neb. Rev. Stat. 30-1101, 1102 (Reissue 1964), now repealed. See, also, *Schick v. Whitcomb*, 68 Neb. 784, 94 N.W. 1023 (1903).

Under those previous constitutional and statutory provisions, the District Court had exclusive jurisdic-

tion to order the partition or sale of real estate owned by a decedent whose estate was in the process of administration in the county court, and the county court had no jurisdiction in such matters. Even under those previous constitutional and statutory provisions, however, this court held that an heir or devisee of an estate could not maintain an action for distribution or partition in the District Court until the debts, allowances, and costs of administration in the estate had been paid or provided for unless he gave a bond with approved sureties to pay the same. *Alexander v. Alexander,* 26 Neb. 68, 41 N.W. 1065 (1889).

In 1970, Neb. Const. art. V, § 1, was amended to provide, in relevant part:

> The judicial power of the state shall be vested in a Supreme Court, district courts, county courts, in and for each county, with one or more judges for each county, or with one judge for two or more counties, as the Legislature shall provide, and such other courts inferior to the Supreme Court as may be created by law.

Art. V, § 9 remained unchanged. Art. V, § 16 was repealed in its entirety.

In 1972, Neb. Rev. Stat. § 24-517 (Reissue 1979) was adopted. It now provides in relevant part:

> Each county court shall have the following jurisdiction:
>
> > (1) Exclusive original jurisdiction of all matters relating to decedents' estates, including the probate of wills and the construction thereof;
> >
> > . . . .
> >
> > (9) All other jurisdiction heretofore provided and not specifically repealed by Laws 1972, Legislative Bill 1032, and such other jurisdiction as hereafter provided by law.

Neb. Rev. Stat. § 30-2211 (Reissue 1979) also deals

with the matter of jurisdiction of the county court over estates and provides:

    (a)   To the full extent permitted by the Constitution of Nebraska, the court has jurisdiction over all subject matter relating to (1) estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons; (2) protection of minors and incapacitated persons; and (3) trusts.

    (b)   The court has full power to make orders, judgments and decrees and take all other action necessary and proper to administer justice in the matters which come before it.

The comment to that section states that it corresponds to § 24-517, and states: "In carrying out this statutory authorization, it is to be remembered that county courts are without equity jurisdiction, but in exercising exclusive original jurisdiction over estates, may apply equitable principles to matters within probate jurisdiction."

Neb. Rev. Stat. § 24-302 (Reissue 1979) deals with the general jurisdiction of the District Courts. It provides: "The district courts shall have and exercise general, original and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided." That language has remained unchanged since 1879.

The Nebraska Probate Code was adopted in 1974 and became operative January 1, 1977. The previous statutory provisions dealing with partition and sale of real estate in a decedent's estate were repealed. Neb. Rev. Stat. § 30-24,109 (Reissue 1979) now provides:

    When two or more heirs or devisees are entitled to distribution of undivided interests in any real or personal property of the estate, the personal representative or one or more

of the heirs or devisees may petition the court, prior to the formal or informal closing of the estate, to make partition. After notice to the interested heirs or devisees, the court shall partition the property in the same manner as provided by the law for civil actions of partition. The court may direct the personal representative to sell any property which cannot be partitioned without prejudice to the owners and which cannot conveniently be allotted to any one party.

The comment to that section of the probate code states: "Ordinarily heirs or devisees desiring partition of a decedent's property will resolve the issue by agreement without resort to the courts. (See section 30-24,110.) If court determination is necessary, the court with jurisdiction to administer the estate has jurisdiction to partition the property."

Neb. Rev. Stat. § 30-2476 (Reissue 1979) provides, in relevant part:

Except as restricted or otherwise provided by the will or by an order in a formal proceeding and subject to the priorities stated in section 30-24,100, a personal representative, acting reasonably for the benefit of the interested persons, may properly:

. . . .

(6) acquire or dispose of an asset, including land in this or another state, for cash or on credit, at public or private sale; and manage, develop, improve, exchange, partition, change the character of or abandon an estate asset:

. . . .

(23) sell, mortgage, or lease any real or personal property of the estate or any interest therein for cash, credit, or for part cash and part credit, and with or without security for unpaid balances, except that unless

authorized by will, real property may be sold only following a court order with notice given in the manner prescribed by subdivisions (a)(1) and (a)(2) of section 30-2220. . . .

Against the backdrop of those constitutional and statutory provisions, the issue in these cases is which court had jurisdiction to partition and sell the decedent's real estate. The issue is one of first impression in this court since the adoption of the Nebraska Probate Code.

The issue is a narrow one. The appellants concede that the county court has no jurisdiction to partition real estate except as a part of the settlement of decedents' estates, and that any jurisdiction to partition real estate exists only during the pendency of the estate proceedings and until the estate has been placed in possession of those to whom it devolves. The appellee concedes that the county court has such jurisdiction, but contends that the District Court has concurrent jurisdiction, which cannot be limited or taken away and, therefore, contends that whichever court first acquires jurisdiction as to partition retains jurisdiction to the exclusion of the other court.

The appellee relies upon cases holding that the equity jurisdiction of the District Court exists independently of statute and comes from the Constitution and is, therefore, beyond the power of the Legislature to limit or control. See, *Hall v. Hall,* 123 Neb. 280, 242 N.W. 607 (1932); *State, ex rel. Sorenson, v. Farmers State Bank of Polk,* 121 Neb. 532, 237 N.W. 857 (1931).

Essentially, the appellee's position is that if the District Court has previously exercised equity jurisdiction under the provisions of Neb. Const. art. V, § 9, that jurisdiction cannot be limited or taken away by an amendment to some other section of the Constitution nor by any statutes enacted in accordance with such constitutional amendments. The position

of the appellee is that any partition and sale of real estate in a decedent's estate for the purpose of making a division of the proceeds must be treated as an equity case, separate and distinct from matters relating to a decedent's estate or its settlement.

At least since 1879, the county court has had exclusive original jurisdiction in all matters of probate and the settlement of decedents' estates, and the District Court has had exclusive original jurisdiction in equity cases. Because of the prior specific constitutional limits on the power and jurisdiction of the county court to deal with real estate titles and the resulting statutes which mandated that partition and sale of real estate in settlement of a decedent's estate should be in the District Court, the issue of which court would have jurisdiction in the absence of the constitutional restriction was never presented or determined.

If the partition and sale of real estate in a decedent's estate is treated as a "matter relating to a decedent's estate," present constitutional and statutory provisions grant original jurisdiction to the county court. If such a partition and sale is also within the equity jurisdiction of the District Court, then the jurisdiction of the two courts is concurrent, and basic principles of judicial administration require that the court which first acquires jurisdiction should retain it to the exclusion of the other court.

The county court acquires jurisdiction of all matters relating to the administration and settlement of the estate when formal or informal estate proceedings are filed or instituted in the county court. The District Court acquires jurisdiction of the partition action when a petition for partition is filed in the District Court. The appellee's position is that the county court acquires jurisdiction of a decedent's estate at different times for different purposes. The appellee assumes that jurisdiction to partition and sell real estate of a decedent for the purpose of dis-

tributing the proceeds to the devisees is not acquired by the county court at the time the estate proceedings are commenced, but only after an application is filed in the county court requesting that that particular real estate be partitioned and sold. The only support for such a theory rests upon another assumption which is that the partition and sale of real estate in a decedent's estate for the purpose of distributing the proceeds to the devisees is somehow a proceeding separate and distinct from sales of the decedent's real estate for any other purpose, and separate and distinct from all other matters relating to the decedent's estate merely because partition has been traditionally said to be an equity matter. We disagree.

The partition and sale of real estate of a decedent is clearly a matter relating to a decedent's estate and jurisdiction to partition and sell real estate of a decedent is required by the county court at the time jurisdiction is acquired for all other "matters relating to decedents' estates." Under present constitutional and statutory provisions, the county court clearly has exclusive original jurisdiction to authorize the personal representative of a decedent's estate to sell real estate for the purpose of paying debts, claims, and costs of administration. To distinguish the time for attachment of jurisdiction for such a sale from the time of attachment of jurisdiction for a sale of the same property for the purpose of distribution of the proceeds to the devisees merely because the application requests authority to "partition" and sell the real estate is a distinction without a logical difference. Such a distinction exalts form over substance and ancient myth over present reality.

Basic principles of judicial administration require the elimination of unnecessary litigation and the promotion of efficiency and economy in liquidating the estate of a decedent. Current constitutional and

statutory provisions support that result.

We hold that, upon the filing of a decedent's estate proceeding, the county court acquires jurisdiction of all matters relating to the decedent's estate, including jurisdiction to partition and sell the decedent's real estate. During the pendency of the decedent's estate proceedings in the county court, and until the estate has been placed in possession of those to whom it devolves or until the jurisdiction of the county court is otherwise terminated, the District Court shall not exercise its original jurisdiction in partition actions as to real estate owned solely by the decedent.

We also hold that, when an application for the partition of real estate is filed in the county court under the provisions of § 30-24,109 and the court finds, after notice and hearing, that the property is subject to partition and also finds that the property cannot be partitioned without prejudice to the owners and cannot conveniently be allotted to any one party and should, therefore, be sold, the court shall not appoint a referee but shall direct the personal representative to conduct the proceedings and sell the property and to perform the duties and responsibilities otherwise incumbent upon a referee. Such a procedure is consistent with § 30-24,109 and with the rule of construction that the Nebraska Probate Code shall be liberally construed and applied, and is in accord with the underlying purpose of the code to promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors. See Neb. Rev. Stat. § 30-2202 (Reissue 1979).

For the reasons stated, the judgment of the District Court in case No. 42933 is reversed and the cause is remanded to the District Court with directions to dismiss.

The judgment of the District Court in case No. 42934 is reversed and the cause is remanded to the District Court with directions to remand the case to

the county court of Richardson County for further proceedings in accordance with this opinion.

REVERSED AND REMANDED
WITH DIRECTIONS.

WHITE, J., specially concurring.

I agree with the opinion of the majority. However, I wish to state the basis I conceive justifies the holding in this case. It is contained in Neb. Const. art. V, § 1, which specifies that: "[G]eneral administrative authority over all courts in this state shall be vested in the Supreme Court . . . ."

Rules concerning the exercise of concurrent jurisdiction are administrative and there is no prohibition against their announcement in an actual case.

HASTINGS, J., joins in this concurrence.