278 Neb. 770
IN RE ESTATE OF SAMUEL JOSEPH FAILLA, SR., DECEASED.
SAMUEL J. FAILLA, JR., AND LISA A. FAILLA, HUSBAND AND WIFE, AND TERESA A. KRESAK AND GENE KRESAK, WIFE AND HUSBAND, APPELLEES,
v.
DIANA L. FAILLA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SAMUEL JOSEPH FAILLA, SR., APPELLANT, AND BRADLEY SCHWEER, TRUSTEE, ET AL., APPELLEES.
No. S-09-170.
Supreme Court of Nebraska.
Filed October 23, 2009.
Steven J. Riekes and David P. Wilson, of Marks, Clare & Richards, L.L.C., for appellant.
William R. Reinsch, of Reinsch, Slattery & Bear, P.C., L.L.O., for appellees Samuel J. Failla, Jr., Lisa A. Failla, Teresa A. Kresak, and Gene Kresak.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Diana L. Failla, as personal representative of the estate of her husband, Samuel Joseph Failla, Sr. (the decedent), sought an order allowing her to sell the real property of the estate to pay administrative costs. The decedent's two children, Teresa A. Kresak and Samuel J. Failla, Jr., as well as their spouses (collectively the children), sought partition of the property. The county court ordered partition and directed that the real estate be sold and divided among the heirs. It dismissed Diana's petition for an order to sell the real estate. Diana appeals.

SCOPE OF REVIEW
[1,2] Appeals of matters arising under the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 through 30-2902 (Reissue 2008), are reviewed for error on the record. In re Estate of Dueck, 274 Neb. 89, 736 N.W.2d 720 (2007). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Id.

FACTS
The decedent died intestate on November 30, 2007. His heirs included Diana and the two children. Diana was appointed personal representative of the estate, and an order for supervised administration was entered.
The decedent owned two tracts of land in Cass County, Nebraska. The tract alleged to be subject to partition is described as "Lots 1 and 2 in the NW¼ of the SE¼ of Section 13, Township 12N, Range 9 East, of the 6th P.M., Cass County, Nebraska" (tract one). Tract one contained 15.15 acres and included a house. An appraiser set the fair market value of the property at the time of the decedent's death as $190,000. The house was 89 years old and included 1,442 square feet. There were two outbuildings on the property. The first was described as "newer" with a "dirt floor." The second was described as "older" and in "fair condition," but no value was given to it. In November 2008, a real estate agent appraised the property and set the value as $180,000.
The children sought partition as to tract one pursuant to § 30-24,109. They asked that if the tract could not be equitably divided, it be sold and the proceeds applied to payment of any liens and encumbrances. Any balance would be divided among the heirs according to their proportionate interests.
An amended inventory showed the total value of the estate to be $608,776.03. The estate included tract one, valued at $190,000; jointly owned property valued at $129,755.06; other miscellaneous property valued at $15,386.27; and annuities valued at $273,634.70.
Diana petitioned the county court for authority to sell tract one and moved to dismiss the partition action. She alleged that she had incurred administration expenses, attorney fees, and costs in the amount of $35,096.65, and she estimated that the total administration expenses, attorney fees, and costs by the time the estate was closed would be not less than $42,000. She claimed that in order to generate funds to pay the estate's obligations, it would be necessary to sell tract one. She requested that distribution of the remaining funds be made to her (a one-half interest as widow) and to the two children (each entitled to a one-fourth interest). She had consulted a real estate agent who recommended that tract one be listed for sale at a price between $165,000 and $180,000.
Diana alleged that because she had authority as personal representative to sell tract one, the complaint for partition should be considered moot and should be dismissed. She sought an order from the county court allowing her to sell tract one in a commercially reasonable manner.
The parties stipulated that tract one could not be partitioned in kind without prejudice to the owners and could not be conveniently allotted to any one party and that therefore, tract one should be sold.
The county court directed Diana, as personal representative, to sell tract one and to perform the duties and responsibilities otherwise incumbent upon a referee. The order implied that the property should be sold at a public, judicially ordered sale. The court divided the proceeds of the sale as follows: Diana, one-half; Teresa, one-fourth; and Samuel, one-fourth. It sustained the children's motion for summary judgment, finding there was no material issue of fact or law regarding the ownership of tract one. It dismissed Diana's petition for authority to sell the property and overruled her motion for dismissal of the partition action.

ASSIGNMENTS OF ERROR
Diana assigns that the county court erred in granting summary judgment on the complaint seeking partition of real property and dismissing her petition for authority to sell the real property. She also claims that her right of sale as the personal representative is superior to the heirs' right of partition.

ANALYSIS
The sole issue is the manner in which the real property should be sold. The parties agree the property should be sold and the interests divided accordingly. Diana claims a private sale would bring the best price. The children want the property sold at a public sale. The county court's order implied that the property should be sold through a public sale. We conclude the order is not supported by competent evidence.
Diana presented testimony from Richard A. Mikuls, a real estate agent with more than 20 years of experience. He visited the property after reviewing an appraisal. He testified that the best way to sell the property was through a commercial real estate agency. Mikuls testified that he had experience with real estate auctions. He stated it is an exception for a property to be sold at auction for a price greater than the list price.
Mikuls said tract one should be listed for between $140,000 and $180,000. It would be reasonable to expect the property to sell in 4 to 6 months. Mikuls stated the house would need to be sold "as is" because it needs a new roof, the basement walls are bowed (indicating a foundation problem), its windows need to be replaced, and the air conditioning works only intermittently. The property includes two outbuildings, but one had no value due to its poor condition.
The residence was originally a two-story farmhouse but had been converted to a ranch-style home with only one bedroom and one bathroom. Mikuls stated that the acreage would appeal to a buyer who wanted a residential lot in the country as a single-family residence with a large outbuilding for storage or a hobby. However, the existence of only one bedroom would prevent many buyers from looking at the property, and the bowed walls in the basement would scare some potential buyers.
Both parties claim that In re Estate of Kentopp, 206 Neb. 776, 295 N.W.2d 275 (1980), is supportive of their respective positions. In In re Estate of Kentopp, the will devised certain farmland to eight parties: three of the decedent's children and five grandchildren who shared their deceased father's portion. One of the decedent's grandsons filed a partition action in district court. In the county court, the personal representative claimed the land could not be partitioned without prejudice to the owners nor conveniently allotted to one party and asked the county court to order him to sell the real estate. The issue was which court had jurisdiction: the county court, which was acting as the probate tribunal, or the district court, where the partition action was filed.
This court held:
The partition and sale of real estate of a decedent is clearly a matter relating to a decedent's estate and jurisdiction to partition and sell real estate of a decedent is [acquired] by the county court at the time jurisdiction is acquired for all other "matters relating to decedents' estates." . . . [T]he county court clearly has exclusive original jurisdiction to authorize the personal representative. . . to sell real estate for the purpose of paying . . . costs of administration.
Id. at 786, 295 N.W.2d at 280.
Thus, under § 30-24,109, if a county court finds that the property is subject to partition, it may direct the personal representative to sell the property. The personal representative is to perform the duties and responsibilities otherwise incumbent upon a referee. In re Estate of Kentopp, supra.
In the case at bar, the question is what method should be attempted in order to sell the real estate. Diana, as personal representative, offered evidence that a private sale of tract one would result in a greater return to the estate. The children presented no evidence on the issue. Under § 30-2476(6) and (23), the personal representative may dispose of an asset at private sale and sell real property unless restricted by order of the court. The personal representative must act reasonably for the benefit of the interested persons. Here, the county court restricted Diana, as personal representative, from selling the property by private sale when it dismissed Diana's petition for authority to sell the property. It is this restriction with which we take issue. The order implied that Diana must sell the property at a public sale. However, the record does not support a finding that such a sale would be the most economically efficient method.
The evidence regarding the method of sale was that properties sold at auction are usually sold for less than the list price. There was evidence that the best way to sell this property was through a commercial real estate agency. Mikuls opined why it would be better to list the property than hold a public sale.
Appeals of matters arising under the Nebraska Probate Code are reviewed for error on the record. In re Estate of Dueck, 274 Neb. 89, 736 N.W.2d 720 (2007). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Id. The county court correctly determined that the property should be sold and the interests divided accordingly. However, its order dismissing Diana's petition and directing a public sale was not supported by competent evidence. The court's order is therefore reversed, and the cause is remanded with directions to enter an order allowing Diana to proceed with an attempt to sell the real estate in the manner described herein.

CONCLUSION
Under the circumstances of this case, Diana's function, as personal representative, is to perform the duties incumbent upon a referee and to sell the property in the most commercially reasonable manner possible. The personal representative should attempt to sell the property in the manner which will bring the best price for the property. In this instance, the evidence supported Diana's contention that the property should be listed with a real estate agent.
We conclude that this procedure would be consistent with our direction that the Nebraska Probate Code should be liberally construed and applied in accordance with the underlying purpose of the code to promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors. See In re Estate of Kentopp, 206 Neb. 776, 295 N.W.2d 275 (1980). The evidence supports the conclusion that Diana should first attempt to sell the property by listing it at its appraised value. The county court is given discretion to determine how long the listing should continue. If this method of sale does not prove satisfactory, the court should direct that the property be sold at a public sale.
We therefore reverse the judgment of the county court, which dismissed Diana's request for an order to sell the real estate, and remand the cause with directions.
REVERSED AND REMANDED WITH DIRECTIONS.