IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


IN RE GUARDIANSHIP & CONSERVATORSHIP OF UEDING


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IN RE GUARDIANSHIP AND CONSERVATORSHIP OF CARL D.G. UEDING,
AN INCAPACITATED PERSON.

CHAD C. UEDING, GUARDIAN AND CONSERVATOR, APPELLEE,
V.
EVAMARIE O'HARA, APPELLANT.

IN RE ESTATE OF CARL D.G. UEDING, DECEASED.

CHAD C. UEDING, SPECIAL ADMINISTRATOR OF THE ESTATE OF
CARL D.G. UEDING, DECEASED, APPELLEE,
V.
EVAMARIE O'HARA, APPELLANT.


Filed May 5, 2020.    Nos. A-19-654, A-19-656.


Appeals from the County Court for Douglas County: THOMAS K. HARMON, Judge. Appeals dismissed.

Damien J. Wright and Natalie M. Hein, of Welch Law Firm, P.C., for appellant.

Jeffrey A. Wagner and Kyle J. Flentje, of Wagner, Meehan & Watson, L.L.P., for appellee.


PIRTLE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

EvaMarie O'Hara appeals from a single order entered by the county court for Douglas County in both case No. A-19-654 (the conservatorship proceedings) and case No. A-19-656 (the estate proceedings). The cases are consolidated on appeal. The two cases involve the

conservatorship and the estate for Carl Ueding, who was EvaMarie's father. EvaMarie challenges various instructions made by the county court in its order. However, because we find that the county court's order did not constitute a final, appealable order in either the conservatorship proceedings or the estate proceedings, we must dismiss EvaMarie's appeals for lack of jurisdiction.

BACKGROUND

*Conservatorship Proceedings.*

On December 24, 2012, the county court entered an order appointing Chad C. Ueding as the guardian and conservator for Carl, Chad's father, after finding that Carl was "substantially unable to manage his affairs[.]" In its order appointing Chad as the guardian and conservator, the county court explicitly indicated that EvaMarie was ineligible for appointment as Carl's guardian and conservator because she had engaged in acts of self-dealing while acting as Carl's power of attorney. However, acknowledging the dissension within Carl's family, the county court specifically ordered Chad to preserve Carl's existing estate plan and to submit to the court a proposed budget to address the financial needs of Carl going forward. Specifically, the court stated:

[Chad, as conservator], shall not change or attempt to change the existing estate plan of Carl . . . and is restrained and enjoined from changing any beneficiary or designation on any account currently existing which is owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belonging to Carl . . . , a protected person, without a further hearing and Order of the Court.

Prior to Chad being appointed as Carl's conservator, Carl had established two bank accounts to manage his financial affairs. One account was with First National Bank Northeast and the other was with Washington County Bank. EvaMarie alleged and offered evidence to demonstrate that she was a joint owner and a payable on death (POD) beneficiary of these accounts. In addition, Carl had an "Ameriprise Account" which both Chad and EvaMarie agreed clearly established EvaMarie and their sister, Damaria Craven, as POD beneficiaries.

In February 2016, Chad filed an annual report, which included an inventory and an accounting of Carl's current property. This information revealed that on February 22, 2016, Chad opened a bank account at Pinnacle Bank on behalf of Carl. On that same day, he deposited into the Pinnacle Bank account all of the remaining funds in Carl's Washington County Bank account, which totaled $9,322.07. Other evidence revealed that in July 2016, Chad transferred into the Pinnacle Bank account all of the remaining funds in Carl's First National Bank Northeast account, which totaled $6,757.04. According to EvaMarie, Chad did not make her a joint owner of the Pinnacle Bank account, nor did he designate her as a POD beneficiary of the account. Beginning in 2016, Chad exclusively utilized the Pinnacle Bank account to manage Carl's financial affairs.

Carl died on January 14, 2017. On March 1, Chad filed a motion to terminate the guardianship and conservatorship. He also filed a "Final Accounting Packet" which included an inventory of Carl's remaining assets. According to this inventory, the Pinnacle Bank account held $62,383.78. Included in this amount was $40,000 which Chad had transferred from Carl's Ameriprise account on January 9, 5 days before Carl's death. In an affidavit offered to the county court, Chad explained that he intended the $40,000 "to cover [Carl's] anticipated expenses for

approximately 6 months." Chad indicated that when he made the transfer of funds, Carl's "health was fine and unchanged from that of the prior year."

On April 4, 2017, EvaMarie filed a motion to distribute and deliver funds, an objection to Chad's final accounting, and a petition to establish a constructive trust. In each filing, EvaMarie generally averred that she was entitled to the funds in the Pinnacle Bank account because she was entitled to any funds which originated from the accounts held at the First National Bank Northeast and the Washington County Bank due to her designation as the accounts' co-owner and POD beneficiary. EvaMarie alleged that Chad improperly transferred moneys from those accounts into the Pinnacle Bank account. EvaMarie also alleged that she was entitled to half of the $40,000 transferred from the Ameriprise account in January 2017, as she was one of two POD beneficiaries listed on that account. On February 1, 2018, EvaMarie also filed a motion for summary judgment. In that motion, she specifically requested that the county court enter summary judgment in her favor because "she is entitled to receipt of the funds on deposit in [the] Pinnacle Bank Account . . ." and requested that the court order Chad to distribute and deliver to her said funds.

On March 22, 2018, the county court entered an order denying EvaMarie's motion for summary judgment. In the order, the court found that Chad had "willfully violated" the December 2012 order of the court to not alter Carl's estate plan. The court indicated that Chad had put his own interests ahead of the interests of Carl and the beneficiaries of Carl's estate plan. However, the court also found that it lacked the authority to impose a constructive trust within the confines of the conservatorship proceedings. The court declined to distribute any assets to EvaMarie. The court also declined to approve or disapprove of Chad's final accounting or determine whether Chad should be discharged as the conservator.

*Estate Proceedings.*

On January 20, 2017, a few days after Carl's death, Chad initiated estate proceedings in the county court. On that date, he filed a petition for the appointment of a special administrator for Carl's estate. Chad nominated himself to serve as the special administrator. The court subsequently appointed Chad as the special administrator of Carl's estate.

On January 15, 2019, Chad, as special administrator of Carl's estate, motioned the county court for instructions. Specifically, Chad asked the county court to provide instruction as to how to distribute the more than $70,000 that was being held in the Pinnacle Bank account which Chad had opened as the conservator for Carl. Chad explicitly indicated that he was making "no claim to these funds."

A hearing was held on Chad's motion for instructions on April 10, 2019. At this hearing, Chad and EvaMarie agreed to submit to the court a joint stipulation of facts. This joint stipulation indicated that all of the remaining funds in the Ameriprise Account had previously been distributed to EvaMarie and the other POD beneficiary. It also indicated that the remaining funds in the Pinnacle Bank account totaled $70,454.55. This amount included the $40,000 that Chad had transferred from Carl's Ameriprise Account in the days prior to Carl's death. Chad waived any inheritance to which he may be entitled.

*County Court Order Entered on June 5, 2019.*

On June 5, 2019, the county court entered an order in both the conservatorship proceedings and the estate proceedings. In the order, the county court ordered Chad to proceed as if the $40,000 transfer from the Ameriprise Account shortly before Carl's death had not happened. Specifically, the court instructed, "[EvaMarie and the other POD beneficiary] are entitled to recover the full balance they would have received had the funds not been removed by [Chad] five (5) days prior to [Carl]'s death." The court also directed Chad regarding the remaining balance of the Pinnacle Bank account: "The conservator must provide an accounting that must be approved by the Court and then the balance remaining in his, her or their hands must be distributed to the persons directed in the Order approving the Final Accounting."

The court then granted Chad "the powers to act as a personal representative [of Carl's estate]" and indicated that Chad "should be authorized to pay any and all outstanding bills and to pay expenses and thereafter to effectuate the payment of the balance of the remaining funds to the surviving heirs under intestacy." The court, ultimately, ordered Chad to submit a final accounting for the estate, which was to be approved by the court in a subsequent order. The court concluded the order by explaining that it was retaining jurisdiction "for implementing and enforcing this [order] and additional [orders] necessary and appropriate to the best interest of this Estate."

EvaMarie appeals from the county court's order.

## ASSIGNMENTS OF ERROR

On appeal from both the conservatorship and the estate proceedings, EvaMarie alleges that the county court erred in addressing Chad's motion for instructions in the context of the estate proceedings prior to addressing and resolving the pending issues in the conservatorship proceedings. She also alleges that the county court erred in determining that a portion of the funds held in the Pinnacle Bank account should be distributed through the estate proceedings and erred in denying her motion to distribute and deliver the funds from the Pinnacle Bank account directly to her.

## STANDARD OF REVIEW

Jurisdictional questions that do not involve a factual dispute present questions of law. *Pinnacle Enters. v. City of Papillion*, 286 Neb. 322, 836 N.W.2d 588 (2013).

Appeals of matters arising under the Nebraska Probate Code are reviewed for error on the record. See *In re Estate of Failla*, 278 Neb. 770, 773 N.W.2d 793 (2009). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Krings v. Garfield Cty. Bd. of Equal.*, 286 Neb. 352, 835 N.W.2d 750 (2013).

## ANALYSIS

Before we reach the merits of EvaMarie's assertions on appeal, we must first address Chad's argument that this court lacks jurisdiction over both appeals because the county court's order does not constitute a final order in either the conservatorship or the estate proceedings. Before reaching the legal issues presented for review, it is the duty of an appellate court to

determine whether it has jurisdiction over the matter before it. *In re Estate of Gsantner*, 288 Neb. 222, 846 N.W.2d 646 (2014).

Under Neb. Rev. Stat. § 25-1902 (Supp. 2019), the four types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered, and (4) an order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official. Our law is clear that proceedings under the Nebraska Probate Code are special proceedings within the meaning of § 25-1902. *In re Guardianship & Conservatorship of Forster*, 22 Neb. App. 478, 856 N.W.2d 134 (2014). Both the conservatorship proceedings and the estate proceedings herein arise under the Nebraska Probate Code. See Neb. Rev. Stat. §§ 30-2630 and 30-2301 (Reissue 2016).

Having determined that the order entered by the county court in the conservatorship proceeding and the estate proceeding was made in a special proceeding, we next consider whether the order affected a substantial right in each case. A substantial right is an essential legal right, not a mere technical right. See *In re Estate of Muncillo*, 280 Neb. 669, 789 N.W.2d 37 (2010). Substantial rights under § 25-1902 include those legal rights that a party is entitled to enforce or defend. *In re Estate of Gsantner, supra*. The Nebraska Supreme Court explained in a recent probate case:

> An order affects a substantial right if it affects the subject matter of the litigation by diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. The duration of the order is also relevant to whether it affects a substantial right. It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial. And a substantial right under § 25-1902 is not affected when that right can be effectively vindicated in an appeal from the final judgment.

*In re Estate of Abbott-Ochsner*, 299 Neb. 596, 603, 910 N.W.2d 504, 510 (2018).

We separately analyze whether the county court's order was a final order in the conservatorship proceedings and in the estate proceedings.

*Conservatorship Proceedings.*

In its order, the county court directed Chad, as conservator of Carl's estate, to "wind up" the conservatorship. Specifically, the court directed Chad to first pay to EvaMarie and to the other POD beneficiary of the Ameriprise Account their portions of the $40,000 withdrawn from that account in the days leading up to Carl's death. EvaMarie does not take issue with this directive on appeal. However, EvaMarie does take issue with the court's second directive in regard to the conservatorship proceedings, that Chad provide a final accounting to the court for approval. The question we must decide in this appeal is whether this second directive affected a substantial right. We conclude that it did not.

When the county court ordered Chad to provide a final accounting for the conservatorship, the court also indicated that it would have to approve of such an accounting. As such, it is clear that the county court intended to enter a separate and subsequent order which would ultimately

wind up the conservatorship proceedings. A court's order approving of a final accounting and the subsequent termination of the conservatorship proceedings constitutes a final order for purposes of appeal. See *In re Guardianship & Conservatorship of Trobough*, 267 Neb. 661, 676 N.W.2d 364 (2004). Moreover, a party who disagrees with the conservator's proposed final accounting may file an objection with the court. See *id*.

Based upon the specific facts of this case, we find that the specific issues raised by EvaMarie as to the conservatorship proceedings could be "effectively vindicated in an appeal from the final judgment," which, under these circumstances would be the court's approval of Chad's final accounting as conservator. When Chad files his final accounting, EvaMarie can file an objection with the county court if she believes that Chad has not properly allocated the funds left in the Pinnacle Bank account. EvaMarie can also file an appeal from the county court's ultimate approval of the final accounting, wherein she can raise the issue of the distribution of the Pinnacle Bank funds. Given that the issues raised by EvaMarie as to the conservatorship proceedings could be effectively vindicated in an appeal from the final judgment, we conclude that the county court's June 2019 order did not affect a substantial right and was, thus, not a final appealable order. As such, we dismiss EvaMarie's appeal in the conservatorship proceedings.

*Estate Proceedings.*

In its order, the county court appointed Chad as personal representative of Carl's estate. EvaMarie does not take issue with this appointment on appeal. Rather, she focuses her assertions on the court's order authorizing Chad to pay any and all outstanding bills and expenses owed by the estate and to thereafter effectuate the payment of the balance of the remaining funds in the estate to the surviving heirs. However, based upon the facts of this case, we are compelled to find that the specific issues raised by EvaMarie as to the estate proceedings could be "effectively vindicated in an appeal from the final judgment," which under these circumstances would be the court's approval of Chad's final accounting.

The county court directed Chad to file a final accounting and specifically indicated that it was retaining jurisdiction over the estate proceedings for the purpose of "implementing and enforcing this [order] and additional [orders] necessary and appropriate to the best interest of the Estate." The county court's declaration indicates that the estate proceedings are only in the beginning stages. In fact, it appears that until Chad winds up the conservatorship and a final accounting is approved in those proceedings, it will not be clear what, if any, funds or property will be left to distribute in the estate proceedings. See *In re Guardianship & Conservatorship of Trobough, supra* (holding that upon death of person for whom conservatorship has been established, any issues relating to conservatorship should be finally resolved prior to finalizing estate proceedings).

Given that the issues raised by EvaMarie as to the estate proceedings could be effectively vindicated in an appeal from a subsequent order entered by the county court, we conclude that the court's June 2019 order did not affect a substantial right and was, thus, not a final appealable order. As such, we also dismiss EvaMarie's appeal in the estate proceedings.

## CONCLUSION

The issues raised by EvaMarie as to the conservatorship and estate proceedings could be effectively vindicated in an appeal from subsequent orders entered by the county court. As such, we conclude that the county court's June 2019 order did not affect a substantial right and was, thus, not a final appealable order. We dismiss EvaMarie's appeal in both the conservatorship and estate proceedings.

APPEALS DISMISSED.