772 N.W.2d 103 (2009)
17 Neb. App. 697
In re Estate of Erma R. SEHI, deceased.
Merle Sehi et al., appellants,
v.
John Sehi, Personal Representative, appellee.
No. A-08-1239.
Court of Appeals of Nebraska.
June 16, 2009.
*104 James G. Egley, of Moyer, Egley, Fullner & Montag, Madison, for appellants.
Bradley C. Easland, of Johnson, Morland, Easland & Lohrberg, P.C., Norfolk, for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
We consider an interlocutory motion to require the appellants, Merle Sehi, Patricia Hruby, and Kathleen Dubas, to file a supersedeas bond. To decide the motion, we must determine whether a party appealing from a district court's resolution of a will contest, after a transfer to such court pursuant to Neb.Rev.Stat. § 30-2429.01 (Reissue 2008), must provide the supersedeas bond required by Neb.Rev. Stat. § 30-1601(3) (Reissue 2008). Because the district court's jurisdiction to adjudicate the will contest arises solely under the Nebraska Probate Code, we *105 conclude that the appellants must file a supersedeas bond.

BACKGROUND
On August 7, 2007, the appellants filed a petition in county court to set aside an informal probate proceeding to probate the 1996 will of Erma R. Sehi. The appellants claimed that (1) the will was not validly executed, (2) the will was the result of undue influence, and (3) the will was the result of fraud, duress, and the mistake of the decedent. The appellants transferred the proceeding from county court to district court pursuant to § 30-2429.01.
Although we do not have the motion in our record, the personal representative, John Sehi, moved for summary judgment on the appellants' claims. The district court granted summary judgment against the appellants on the issues of valid execution and undue influence, but denied the motion as to the issues of fraud, duress, and mistake. The parties waived a jury trial, and the matter was tried to the bench. After the trial, the court dismissed the appellants' remaining claim. The appellants moved for a new trial, which the district court denied. Subsequently, the appellants filed a notice of appeal and a $75 cash bond with the district court.
John filed a "Motion for Supersedeas Bond" with this court in which he requested that we enter an order requiring the appellants to deposit a supersedeas bond pursuant to § 30-1601(3). John requested that the bond be set at $500,000 and attached an inventory of the estate and an appraisal of the estate's real property to substantiate that $500,000 was the approximate value of the estate. In the instant opinion, we dispose only of John's "Motion for Supersedeas Bond."

STANDARD OF REVIEW
Statutory interpretation is a question of law. In re Estate of Chrisp, 276 Neb. 966, 759 N.W.2d 87 (2009). When reviewing questions of law in a probate matter, we reach a conclusion independent of the determination reached by the court below. Id.

ANALYSIS
We begin by recalling the basic function of a supersedeas bond. A supersedeas bond is "[a]n appellant's bond to stay execution on a judgment during the pendency of the appeal." Black's Law Dictionary 190 (8th ed. 2004). It suspends further proceedings on the judgment from which the appeal is taken. See, Neb.Rev. Stat. § 25-1916 (Reissue 2008); Tilt-Up Concrete v. Star City/Federal, 261 Neb. 64, 621 N.W.2d 502 (2001). In an appeal from a typical case arising in the district court, the supersedeas bond is set pursuant to the requirements of § 25-1916. Except in cases where the judgment is a specified dollar amount, § 25-1916 accord the judge discretion in setting the bondexcept the bond cannot exceed the lesser of $50 million or 50 percent of the appellant's net worth. Where the court has discretion to set the amount of the supersedeas bond, the court "should do so in a manner that will give full protection to the appellee." 4 C.J.S. Appeal and Error § 542 at 498 (2007). Where the judgment is for a specified dollar amount, the bond amount is further limited by the total of the amount of the judgment, interest, and cost of the appeal.
Normally, where a case originates in the district court and a party desires to appeal from the district court's judgment, the party is not required to post a supersedeas bond in order to take the appeal. If the appellant chooses not to seek a supersedeas, the judgment may be enforced during the pendency of the appeal. Where the appellant does not obtain a supersedeas, *106 Neb.Rev.Stat. § 25-1914 (Reissue 2008) requires the appellant to file a cost bond or cash deposit of at least $75. Unlike a supersedeas bond, however, the cost bond does not stay the enforcement of the judgment. See § 25-1916. Thus, in an ordinary appeal from a judgment in a case originating in the district court, the appellant may choose whether to seek a supersedeas bond.
However, in appeals from probate cases, the law in some instances imposes a mandatory requirement of supersedeas. Below, we discuss six aspects of the question. First, we find that § 30-1601 applies to appeals "[i]n all matters arising under the Nebraska Probate Code." § 30-1601(1). Second, we observe that a supersedeas bond is mandatory in a probate appeal unless the appellant is a party specifically exempted from the requirement pursuant to § 30-1601(3). Third, we note that some language in § 30-1601 does not seem to apply to decisions of the district court. Fourth, we recognize that the historical development of § 30-1601, as well as the laws governing appeals from the county court in probate matters, demonstrates a legislative intent to subject appeals of will contests transferred to district courts to the mandatory supersedeas requirement of § 30-1601(3) in probate appeals. Fifth, the jurisdictional status of a will contest proceeding in the district court indicates that it is part of the larger county court probate proceeding and subject to the same requirements. Finally, we conclude that a contrary rule would lead to absurd results.
We first consider the specific language of § 30-1601. Section 30-1601, in the relevant portion, provides as follows:
(1) In all matters arising under the Nebraska Probate Code and in all matters in county court arising under the Nebraska Uniform Trust Code, appeals may be taken to the Court of Appeals in the same manner as an appeal from district court to the Court of Appeals.
....
(3) When the appeal is by someone other than a personal representative, conservator, trustee, guardian, or guardian ad litem, the appealing party shall, within thirty days after the entry of the judgment or final order complained of, deposit with the clerk of the county court a supersedeas bond or undertaking in such sum as the court shall direct, with at least one good and sufficient surety approved by the court, conditioned that the appellant will satisfy any judgment and costs that may be adjudged against him or her, including costs under subsection (6) of this section, unless the court directs that no bond or undertaking need be deposited. If an appellant fails to comply with this subsection, the Court of Appeals on motion and notice may take such action, including dismissal of the appeal, as is just.
(4) The appeal shall be a supersedeas for the matter from which the appeal is specifically taken, but not for any other matter....
(5) The judgment of the Court of Appeals shall not vacate the judgment in the county court. The judgment of the Court of Appeals shall be certified without cost to the county court for further proceedings consistent with the determination of the Court of Appeals.
In the statutory scheme, a will contest proceeding in the district court constitutes a matter "arising under the Nebraska Probate Code." See § 30-1601(1). The statute authorizing the transfer of a will contest proceeding to the district court is found at § 30-2429.01. This statute falls within the range of statutes specifically described as composing the Nebraska Probate Code. See Neb.Rev.Stat. § 30-2201 *107 (Reissue 2008) ("[s]ections 30-2201 to 30-2902 shall be known and may be cited as the Nebraska Probate Code"). Thus, a will contest transferred to the district court would appear to be subject to § 30-1601.
Second, it is clear that the appellants are not among the individuals exempted from the bond requirement pursuant to § 30-1601(3). The appellants have not resisted their apparent status as "someone other than a personal representative, conservator, trustee, guardian, or guardian ad litem." See id.
Third, we concede that the language of the current version of § 30-1601 generates some confusion as to whether the appeal procedure contained thereinand thus the supersedeas bond requirementis applicable to a will contest transferred to the district court. Although § 30-1601(1) states that it applies to "all matters arising under the Nebraska Probate Code," other language suggests that § 30-1601 pertains expressly to appeals from county court probate proceedings. Subsection 30-1601(1) provides that an appeal is taken "in the same manner as an appeal from district court." This language may be read as indicative that an appeal pursuant to this statute is not an appeal from district court. Subsection 30-1601(3) provides that the bond is submitted to the "clerk of the county court." Usually, an appeal bond or cost deposit is posted or deposited with the court from which the appeal is taken. See, §§ 25-1914 and 25-1916 (district court); Neb.Rev.Stat. §§ 25-2729 and 25-2730 (Reissue 2008) (county court). In addition, § 30-1601(5) states that "[t]he judgment of the Court of Appeals shall not vacate the judgment in the county court" and "shall be certified without cost to the county court" but does not mention a district court judgment. Again, this suggests that § 30-1601 pertains particularly to appeals from county court.
However, turning to our fourth point, the history of previous enactments of § 30-1601 and related statutes demonstrates that the Legislature intended the supersedeas bond requirement contained in § 30-1601(3) to apply in a will contest heard in district court.
Historically, an appeal from a will contest always required a supersedeas bond. Originally, all appeals in probate matters, including will contests, required a supersedeas bond due to the statutory framework governing the appeal process. Probate mattersincluding will contestswere first heard in county court, and all appeals were taken from county court to district court and governed by the supersedeas bond requirement now contained in § 30-1601.
Prior to 1970, Neb. Const. art. V, § 16 (repealed 1970), placed original jurisdiction of all probate matters with the county court. Section 30-1601 (Reissue 1956) provided as follows regarding appeals: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment or decree of the county court to the district court by any person against whom any such order, judgment or decree may be made or who may be affected thereby." Neb.Rev.Stat. § 30-1603 (Reissue 1956) imposed a supersedeas bond requirement in all appeals governed by § 30-1601. Neb.Rev.Stat. § 30-1604 (Reissue 1956) limited the effect of the supersedeas bond to the specific matter appealed only. Section 30-1603 was similar in content to the current § 30-1601(3) (Reissue 2008). Prior to 1972, appeals to the district court in probate matters were tried de novo. See, In re Estate of Hagan, 143 Neb. 459, 9 N.W.2d 794 (1943); Neb. Rev.Stat. §§ 24-544, 27-1305, and 30-1606 (Reissue 1956). Under the procedures *108 then existing, all will contests were necessarily heard in county court in the first instance and became subject to the supersedeas bond requirement on appeal to the district court. There was no mechanism for transfer of a will contest to the district court, because an appeal de novo automatically ran to such court. Because the appeal was a true de novo proceeding in the district court, there was an entirely new trial and all issues pertaining to the will would be tried afresh in the district court. Under such scheme, a transfer procedure would have made no sense.
But as a result of legislation enacted in 1969 and intended to accomplish a complete restructuring of the county courts and to eliminate all justice of the peace courts, a constitutional amendment was placed before the voters at the 1970 general election, which measure included the repeal of art. V, § 16. The voters approved the measure. In 1972, the Legislature implemented the constitutional revisions and adopted Neb.Rev.Stat. § 24-517 (Cum. Supp. 1972) to define the jurisdiction of the county court. See 1972 Neb. Laws, L.B. 1032, § 17. We observe that this did not modify the county court's jurisdiction substantively in any way that pertains to the instant case.
After the 1972 reorganization of county courts, appeals in probate matters continued to be heard de novo on appeal to the district court. Neb.Rev.Stat. § 24-541 (Reissue 1975). In 1974, the Legislature adopted the Nebraska Probate Code, to become effective on January 1, 1977. See In re Estate of Kentopp. Kentopp v. Kentopp, 206 Neb. 776, 295 N.W.2d 275 (1980). However, the probate code revisions did not affect the appeal statutes codified in chapter 30, article 16, of the Nebraska Revised Statutes.
In 1981, the Legislature revised the probate appeal procedure pursuant to 1981 Neb. Laws, L.B. 42, § 6, so that the district court reviewed appeals from county court in probate (and other civil) matters "for error appearing on the record." Neb. Rev.Stat. § 24-541.06(1) (Cum. Supp. 1982). Pursuant to L.B. 42, the Legislature consolidated the probate appeal procedure with the appeal procedure for appeals from county court, thereby imposing a uniform standard of review on appeal. See Neb.Rev.Stat. §§ 24-541.01 to 24-541.10 (Cum. Supp. 1982) and 24-551 (Reissue 1985). However, the Legislature simultaneously enacted § 30-2429.01 (Cum. Supp. 1982), which permitted the parties to transfer a will contest from county court to district court so that it could be heard in the first instance in district court. See 1981 Neb. Laws, L.B. 42, § 18. This in essence preserved the old appeal "de novo" procedure for will contests inasmuch as a will contest could be tried in district court on the merits. Further, although the supersedeas bond requirement for probate appeals changed location, a supersedeas bond was still required for appeals "[i]n matters arising under the Nebraska Probate Code." § 24-541.02(4)(a).
From the plain language of L.B. 42, we conclude that the Legislature did not intend to modify the appeal procedure in a will contest by permitting parties to remove it from county court to district court. The Legislature instead sought only to preserve the district court's ability to serve as a trial court in a will contest. We reach this conclusion because L.B. 42 contains no language that sets forth a separate appeal procedure or purports to abolish the supersedeas bond requirement for a will contest heard in district court.
Further revisions to the probate appeal procedure have not modified the applicability of the appeal procedure. In 1995, the Legislature modified the probate *109 appeal procedure so that appeals in "matters arising under the Nebraska Probate Code" were taken in the first instance to the Court of Appeals, and not to the district court. 1995 Neb. Laws, L.B. 538, § 7. L.B. 538 also moved the entire probate appeal procedure back to § 30-1601 (Reissue 1995) and thus separated probate appeals from other appeals from county court proceedings. However, L.B. 538 appears to be derived from the previous appeal statutes (Neb.Rev.Stat. § 25-2728 et seq. (Reissue 1989 & Cum. Supp. 1994)), and it imposed a nearly identical supersedeas bond requirement.
We conclude that the current version of § 30-1601 (Reissue 2008) was not enacted with the intent to exclude will contests heard in district court from the supersedeas bond requirement contained in § 30-1601(3). It is important to note that in enacting § 30-2429.01, the Legislature sought to preserve a procedure in which the district court served as a trial court and in which a supersedeas bond was necessarily required in an appeal. Further, pursuant to pre-1981 procedure, a supersedeas bond was already in place prior to any further appeal from the district court's de novo determination to the Nebraska Supreme Court. Because a supersedeas bond was required in the initial appeal to a district court, it remained in effect as a supersedeas during the pendency of any subsequent appeal to the Nebraska Supreme Court. See In re Estate of Mathews, 125 Neb. 737, 252 N.W. 210 (1933). We can find no evidence of any legislative intent to destroy this requirement.
Fifth, the nature of the district court's jurisdiction to hear a will contest indicates a will contest is an inseverable part of the county court probate proceeding and thus cannot be treated differently from matters decided in county court for purposes of appeal. The district court's jurisdiction over a will contest stems from Neb. Const. art. V, § 9. Article V, § 9, provides that in addition to "chancery and common law jurisdiction," which has been termed the district court's "general" jurisdiction, the district court has "such other jurisdiction as the Legislature may provide." Because the district court's general jurisdiction, by its very nature, does not extend to probate matters, its jurisdiction over probate matters is limited to instances where the Legislature has created a statutory grant of jurisdiction. Where the district court's jurisdiction arises out of legislative grant, it is inherently limited by that grant. See Cummins Mgmt. v. Gilroy, 266 Neb. 635, 667 N.W.2d 538 (2003). Therefore, the district court's jurisdiction to hear a will contest pursuant to § 30-2429.01 is limited to determining that matter alone and the rest of the probate proceeding remains in the jurisdiction of the county court. Further, pursuant to the operation of § 30-2429.01, a will contest heard in district court is actually part of the overall probate proceeding in county court. This is evidenced by the fact that once the district court's decision in the will contest becomes final, it is incorporated into the county court's probate proceedings. As § 30-2429.01(5) provides, "[t]he final decision and judgment in the matter transferred shall be certified to the county court, and proceedings shall be had thereon necessary to carry the final decision and judgment into execution." Thus, a will contest is an integral part of a county court probate proceeding. This is distinguishable from a situation where an appeal is taken from the district court's general jurisdiction to hear an entire case or controversy. Therefore, it makes little sense to characterize one part of a probate proceedinga will contestas distinct from any other part for purposes of appeal and treat it like an appeal from the district court's general jurisdiction.
*110 Finally, any alternative construction of the supersedeas bond requirement in § 30-1601(3) would lead to an absurd result. When possible, an appellate court will try to avoid a statutory construction that would lead to an absurd result. In re Estate of Cooper, 275 Neb. 297, 746 N.W.2d 653 (2008). If we adopted a contrary interpretation, we would be required to determine that a supersedeas bond was mandatory in an appeal from a will contest heard in county court but not in a will contest heard in district court. Because we can find no language in the statute which indicates that this was the Legislature's intent, we refrain from doing so.
We therefore conclude that the appellants in the instant case are subject to the supersedeas bond requirement of § 30-1601(3). John has requested that the supersedeas bond be set in the amount of $500,000, stating that "this is the approximate amount of value of this estate [which] has not been distributed due to the [w]ill contest and subsequent appeal filed by the appellants." The appellants have not filed any response to the motion. John's motion includes a copy of the inventory of the estate. The estate is composed almost entirely of real estate. While such real estate is not liable to loss by destruction, it is susceptible of loss in value during the pendency of the appeal. In addition, the costs on appeal potentially include attorney fees. We conclude that a bond of $100,000 is sufficient to give full protection to John. We also observe that the appellants' failure to respond to the motion necessarily means that they have failed to show that the supersedeas bond amounts to a sum in excess of 50 percent of their net worththus, this limitation prescribed by § 25-1916 has no application to the instant case.

CONCLUSION
Because the appellants appeal from a matter "arising under the Nebraska Probate Code," see § 30-1601(1), and are not among those specifically exempted from filing a supersedeas bond pursuant to § 30-1601(3), we find that the appellants must file a supersedeas bond to pursue this appeal. We therefore sustain John's motion to require a supersedeas bond and direct the appellants to file a supersedeas bond or undertaking in the sum of $100,000 with the clerk of the county court, conditioned that the appellants will satisfy any judgment and costs that may be adjudged against them, including costs and attorney fees, within 14 days of the date of this opinion. If the appellants fail to comply, on motion and notice, the appeal shall be subject to dismissal.
MOTION SUSTAINED.