Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/02/2022 08:06 AM CDT

IN RE ESTATE OF CARROLL M. ANDERSON, DECEASED.
KRYSTAL J. COLLINS, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF CARROLL M.
ANDERSON, APPELLEE, V. ROGER D. ANDERSON
AND CAROL J. NOBLE, APPELLANTS.

___ N.W.2d ___

Filed June 10, 2022.    No. S-21-864.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Statutes.** Statutory interpretation is a question of law.
3. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.
4. **Jurisdiction: Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1911 (Reissue 2016), for an appellate court to acquire jurisdiction of an appeal, there must be a final judgment or final order entered by the tribunal from which the appeal is taken.
5. **Decedents' Estates.** A proceeding under the Nebraska Probate Code is a special proceeding.
6. **Final Orders: Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.
7. **Final Orders: Appeal and Error.** A substantial right is affected if an order affects the subject matter of the litigation, such as by diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.
8. **Final Orders.** Substantial rights under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020) include those legal rights that a party is entitled to enforce or defend.
9. **Final Orders: Appeal and Error.** Having a substantial effect on a substantial right depends most fundamentally on whether the right

could otherwise effectively be vindicated through an appeal from the final judgment.

10. **Decedents' Estates: Final Orders: Appeal and Error.** An order denying a request pursuant to Neb. Rev. Stat. § 30-2457 (Reissue 2016) for appointment of a special administrator and a concurrent request under § 30-2457 for an order restraining the personal representative is a final, appealable order.

11. **Decedents' Estates: Wills: Courts: Jurisdiction.** The fact that a district court has obtained, via the transfer of the will contest under Neb. Rev. Stat. § 30-2429.01 (Cum. Supp. 2020), "jurisdiction over the proceeding on the contest" does not divest the county court of its original jurisdiction in probate to protect the estate during the pendency of that will contest by considering the merits of a petition for a special administrator and request for a restraining order on the personal representative.

Appeal from the County Court for Boone County: Stephen R.W. Twiss, Judge. Reversed and remanded for further proceedings.

Jared J. Krejci, of Smith, Johnson, Allen, Connick & Hansen, for appellants.

Keith A. Harvat, of Houghton, Bradford & Whitted, P.C., L.L.O., and Jeffrey C. Jarecki, of Jarecki, Sharp & Petersen, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.
## INTRODUCTION
In a probate action, the county court denied a petition by the adult children of the decedent asking for appointment of a special administrator and for an order restraining the personal representative during the pendency of a will contest that had been transferred to district court. The court denied the petition on the grounds that the transfer of the will contest to district court divested it of jurisdiction. The adult children appeal. We reverse, and remand for further proceedings.

## BACKGROUND

The underlying probate proceedings were commenced when Krystal J. Collins filed an application for informal probate of will, appointing herself personal representative of the estate of Carroll M. Anderson (the decedent), whose estate was worth at least $700,000. The estate included real estate of an approximate value of $361,000. The remainder of approximately $341,000 consisted of payable-upon-death accounts naming Collins as the beneficiary. The submitted will expressly disinherited the decedent's children, Roger D. Anderson and Carol J. Noble. It devised most of the estate to Collins and appointed Collins as personal representative. The date of death of the decedent was January 31, 2021. The submitted will was executed on January 27.

The county court granted Collins' application and issued the letters of personal representative as evidence of the appointment. Anderson and Noble thereafter objected to the informal probate and to Collins' appointment. Anderson and Noble alleged that the decedent lacked testamentary capacity, Collins' misconduct or inappropriate action caused the decedent to sign the will, and the decedent was under undue influence when he executed the 2021 will.

On June 7, 2021, they offered for formal probate a prior will, executed in 2002, under which Anderson and Noble were to inherit the residue of the decedent's estate. Anderson and Noble alleged they were concerned that Collins would use the estate's assets during the pendency of the will contest. In the same filing, Anderson and Noble formally petitioned the court to set aside the informal probate and appointment of Collins, for an order determining the administration of the estate to be unsupervised, for an order under Neb. Rev. Stat. § 30-2425 (Reissue 2016) restraining Collins from acting as personal representative, for appointment of Noble as personal representative, for appointment of Noble or another suitable person as special administrator, for a decree that the 2021 will was not valid, and for formal probate of the 2002 will.

The following day, on June 8, 2021, before any hearing was held or the court had ruled on the requests, Anderson and Noble filed a notice of transfer to district court, pursuant to Neb. Rev. Stat. § 30-2429.01 (Cum. Supp. 2020). The notice set forth that they had filed the fees required by statute and requested that the clerk of the county court transmit the docket fee and record to the district court within 10 days.

Sixteen days later, the parties were given a notice of a hearing to be held in county court on Anderson and Noble's requests for appointment of a special administrator and a restraining order. The hearing was held on August 5, 2021. At the hearing, the parties contested, as a threshold matter, whether the transfer of the will contest to district court divested the county court of jurisdiction to enter the orders.

The hearing proceeded before resolving the jurisdictional question, which the court stated would be addressed in its order. Anderson and Noble argued that the payable-on-death beneficiary accounts created a conflict of interest supporting the appointment of a special administrator. Anderson and Noble presented evidence at the hearing pertaining to the will's validity, as well as evidence pertaining to their contentions that Collins had not fully accounted for the estate's assets and that she might dissipate estate assets during the pendency of the will contest.

In an October 1, 2021, order, the county court found that Anderson and Noble's petition commenced a formal testacy proceeding under § 30-2425 and that their notice of transfer pursuant to § 30-2429.01(1) effectuated a transfer of jurisdiction "over the proceedings on the contest" to the district court. The court concluded that as a result, it lacked jurisdiction to rule on the requests to appoint a special administrator and for a restraining order.

Relying on *In re Estate of Miller*,[1] the court reasoned that when a will contest is transferred pursuant to § 30-2429.01,

---

[1] *In re Estate of Miller*, 231 Neb. 723, 437 N.W.2d 793 (1989).

the district court obtains jurisdiction over all proceedings related to the action and the county court has no authority over the matter. The court stated that such jurisdiction remains in the district court until a final decision is reached on the validity of the will and the matter is remanded to the county court.

## ASSIGNMENTS OF ERROR

Anderson and Noble assign that the county court erred in (1) determining that it lacked jurisdiction over the petition for appointment of a special administrator and for a restraining order, (2) not granting their petition for a special administrator, and (3) not granting their petition for a restraining order.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[2]

[2] Statutory interpretation is a question of law.[3]

[3] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.[4]

## ANALYSIS

This appeal presents two jurisdictional questions. Collins contends as a threshold matter that we lack appellate jurisdiction from a final order or judgment. If we have appellate jurisdiction, then we must address whether the county court was correct that the transfer of the will contest to district court divested it of jurisdiction to determine the petition requesting the appointment of a special administrator and an order restraining Collins. Both of these jurisdictional

---

[2] *Nebraska Republican Party v. Shively, ante* p. 160, 971 N.W.2d 128 (2022).

[3] *In re Estate of Severson*, 310 Neb. 982, 970 N.W.2d 94 (2022).

[4] *Id.*

questions involve certain rights and procedures set forth under the Nebraska Probate Code.[5]

## STATUTORY SCHEME

The parties do not contest the county court's determination that Anderson and Noble commenced a formal testacy proceeding. Formal testacy proceedings are governed by §§ 30-2425 to 30-2438.

Section 30-2425 describes that a formal testacy proceeding is litigation to determine whether a decedent left a valid will and is commenced by filing a petition as described by § 30-2426(a). Section 30-2425 also provides in relevant part:

> Unless a petition in a formal testacy proceeding also requests confirmation of the previous informal appointment, a previously appointed personal representative, after receipt of notice of the commencement of a formal probate proceeding, must refrain from exercising his power to make any further distribution of the estate during the pendency of the formal proceeding. A petitioner who seeks the appointment of a different personal representative in a formal proceeding also may request an order restraining the acting personal representative from exercising any of the powers of his office and requesting the appointment of a special administrator. In the absence of a request, or if the request is denied, the commencement of a formal proceeding has no effect on the powers and duties of a previously appointed personal representative other than those relating to distribution.

Section 30-2438 provides that if an issue concerning the testacy of the decedent is, or may be, involved, a formal proceeding for adjudication regarding the priority or qualification of one who is an applicant for appointment as personal representative or of one who previously has been appointed

_____

[5] See Neb. Rev. Stat. §§ 30-2201 to 30-2902 (Reissue 2016 & Cum. Supp. 2020).

personal representative in informal proceedings is governed by both §§ 30-2426 and 30-2438.

Subsection (a) of § 30-2438 provides that if a formal proceeding "for adjudication regarding the priority or qualification . . . of one who previously has been appointed personal representative in informal proceedings" "is commenced after appointment, the previously appointed personal representative, after receipt of notice thereof, shall refrain from exercising any power of administration except as necessary to preserve the estate or unless the court orders otherwise." Subsection (b) of § 30-2438 provides that after notice to interested persons, including all persons interested in the administration of the estate as successors under the applicable assumption concerning testacy, any previously appointed personal representative, and any person having or claiming priority for appointment as personal representative, "the court shall determine who is entitled to appointment under section 30-2412, make a proper appointment and, if appropriate, terminate any prior appointment found to have been improper as provided in cases of removal under section 30-2454."

Special administrators are governed by §§ 30-2457 to 30-2461. Section 30-2457(2) sets forth that a special administrator may be appointed in a formal proceeding by order of the court upon a finding that "appointment is necessary to preserve the estate or to secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act." Under § 30-2460, a special administrator appointed by order of the court in any formal proceeding has the power of a personal representative except as limited in the appointment and duties as prescribed in the order.

Transfer of the will contest to district court is described in § 30-2429.01. It states that if there is an objection to probate of a will or if a petition is filed to set aside an informal probate of a will or to prevent informal probate of a will which

is the subject of a pending application, then "any party may transfer the proceeding to determine whether the decedent left a valid will to the district court" by the method set forth therein.[6] After the clerk of the county court transmits to the clerk of the district court a certification of the case file and docket fee, the district court "shall have jurisdiction over the proceeding on the contest."[7] The district court's final decision and judgment on whether the decedent left a valid will is later transferred to the county court, "and proceedings shall be had thereon necessary to carry the final decision and judgment into execution."[8]

## Final Order

[4,5] We hold that the county court's order denying the petition for a special administrator and request for an order restraining Collins pursuant to these statutes affected a substantial right and was a final order pursuant to Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020). Under Neb. Rev. Stat. § 25-1911 (Reissue 2016), for an appellate court to acquire jurisdiction of an appeal, there must be a final judgment or final order entered by the tribunal from which the appeal is taken.[9] Section 25-1902(1)(b) defines a final order as "[a]n order affecting a substantial right made during a special proceeding." A proceeding under the Nebraska Probate Code is a special proceeding,[10] and we have also held more specifically that a proceeding under § 30-2457 of the probate code to appoint a special administrator is a special proceeding.[11]

---

[6] § 30-2429.01.

[7] *Id.*

[8] *Id.*

[9] *In re Estate of Beltran*, 310 Neb. 174, 964 N.W.2d 714 (2021).

[10] *Id*.

[11] See *In re Estate of Abbott-Ochsner*, 299 Neb. 596, 910 N.W.2d 504 (2018).

[6-9] A substantial right is an essential legal right, not a mere technical right.[12] A substantial right is affected if an order affects the subject matter of the litigation, such as by diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.[13] It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[14] Substantial rights under § 25-1902 include those legal rights that a party is entitled to enforce or defend.[15] Having a substantial effect on a substantial right depends most fundamentally on whether the right could otherwise effectively be vindicated through an appeal from the final judgment.[16] A substantial right under § 25-1902 is not affected when that right can be effectively vindicated in an appeal from the final judgment.[17]

The purpose of a special administrator is "to preserve the estate or to secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act."[18] The statutory prohibition on distributing the estate during the pendency of the petition in a formal testacy is expressly contemplated by § 30-2425 to be in conjunction with the possible request for the appointment of a special administrator. Likewise, when a party seeks adjudication regarding priority or qualification of a personal representative previously appointed in informal proceedings, the restriction of § 30-2438(a) that "the previously appointed personal representative, after receipt of notice thereof, shall refrain from exercising any power of administration except

---

[12] *In re Estate of Beltran, supra* note 9.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Jennifer T. v. Lindsay P.*, 298 Neb. 800, 906 N.W.2d 49 (2018).

[17] *In re Estate of Beltran, supra* note 9.

[18] § 30-2457(2).

as necessary to preserve the estate or unless the court orders otherwise" operates together with a request for appointment of a special administrator. As we explained in *In re Estate of Cooper*,[19] taken together, § 30-2454 provides that a personal representative shall not act except in limited circumstances during the pendency of a petition to remove the personal representative, while § 30-2457 provides for appointment of a special administrator to preserve the estate and secure its proper administration while the personal representative cannot do so because of the restrictions of § 30-2454.

We held in *In re Estate of Muncillo*[20] that an order denying the appointment of a special administrator is a final, appealable order. *In re Estate of Muncillo* involved a dispute in formal probate about whether certain payable-on-death accounts were part of the estate. We explained that if a probate court wrongfully denies the application to appoint a special administrator, the petitioner's right to have a special administrator appointed cannot be effectively vindicated on appeal from a later final judgment. This is because the probate of an estate can remain open for years and the special administrator cannot go back in time and preserve or administer the estate long after the application has been denied.[21]

[10] A request for an order restraining the personal representative is intertwined with a request for a special administrator, and the harm that could be caused by the denial of such a request can similarly not later be undone. Recently, in *In re Estate of Lakin*,[22] we relied on *In re Estate of Muncillo* to hold to be final an order denying a petition for suspension, removal, and surcharge of the personal representatives

---

[19] *In re Estate of Cooper*, 275 Neb. 322, 746 N.W.2d 663 (2008). See, also, *In re Estate of Evans*, 20 Neb. App. 602, 827 N.W.2d 314 (2013).

[20] *In re Estate of Muncillo*, 280 Neb. 669, 789 N.W.2d 37 (2010).

[21] See *id.*

[22] *In re Estate of Lakin*, 310 Neb. 271, 965 N.W.2d 365 (2021).

and for appointment of successor copersonal representatives or a special administrator. We hold that an order denying a request pursuant to § 30-2457 for appointment of a special administrator and a concurrent request under § 30-2457 for an order restraining the personal representative is a final, appealable order.

We are unpersuaded by Collins' argument that the order at issue is not final because Anderson and Noble are "clearly disinherited."[23] This argument conflates the question of finality with an underlying issue that is still pending before the district court on the will contest.

Collins' reliance on our decision in *In re Estate of Beltran*[24] to argue that the county court's order did not affect a substantial right because the order did not end a discrete phase of the proceedings and because the dispute involves money rather than real or personal property is misplaced. We held in *In re Estate of Beltran* that an order effectively denying discovery, which denied an attempt at that time to determine what monetary assets should be included in the estate, was not a final order because the rights affected could effectively be vindicated in an appeal from the final inventory. *In re Estate of Beltran* did not involve the denial of a petition to appoint a special administrator and restrain the personal representative during a will contest. In *In re Estate of Muncillo*, the order denying the petition to appoint a special administrator was final despite the underlying dispute involving only monetary assets.[25] Furthermore, we did not reason therein that the order represented the closure of a discrete phase of the proceedings, which is but one consideration in determining whether it is final under § 25-1902. *In re Estate of Muncillo* is apposite and controlling over the case at bar.

---

[23] Brief for appellee at 14.

[24] *In re Estate of Beltran, supra* note 9.

[25] See *In re Estate of Muncillo, supra* note 20.

County Court Jurisdiction

Having determined that we have appellate jurisdiction, we consider whether the county court correctly determined that the transfer of the will contest to district court divested it of jurisdiction to consider the merits of Anderson and Noble's requests for a special administrator and restraining order during the pendency of that contest. We hold that the county court erred.

Recently, in *Bohling v. Bohling*,[26] we explained that the matter over which the district court has jurisdiction in a transfer under § 30-2429.01 is limited. In *Bohling*, we addressed an appeal from an order of the district court determining that the originally submitted will for probate was valid and certifying its judgment to the county court. We noted that although the parties presented arguments on appeal pertaining to the meaning of the will, our appellate review was confined to whether the court erred on the question of the will's validity—because that was the narrow question over which the district court had jurisdiction under the transfer.[27] In so stating, we relied on the language of § 30-2429.01 which provides that the district court's authority over the proceedings is limited to "determin[ing] whether the decedent left a valid will" and that the district court has "jurisdiction over the proceeding on the contest." We held that under this statute, "[a]ny issues regarding construction of the will are properly left to the probate court, except where they bear on the will's validity."[28]

Previously, in *In re Estate of Sehi*,[29] the Nebraska Court of Appeals, in holding that the supersedeas bond requirement was mandatory whether the will contest was heard in county court or in district court, reasoned that the matter is

---

[26] *Bohling v. Bohling*, 309 Neb. 625, 962 N.W.2d 224 (2021).

[27] See *id.*

[28] *Id.* at 635, 962 N.W.2d at 231.

[29] *In re Estate of Sehi*, 17 Neb. App. 697, 772 N.W.2d 103 (2009).

not submitted to the district court's general jurisdiction to hear an entire case or controversy when a will contest is transferred to district court under the provisions of § 30-2429.01. Instead, "a will contest heard in district court is actually part of the overall probate proceeding in county court."[30] The Court of Appeals stated that the statutory power of the district court to hear a will contest pursuant to § 30-2429.01 "is limited to determining that matter alone and *the rest of the probate proceeding remains in the jurisdiction of the county court*."[31]

[11] Accordingly, the fact that a district court has obtained, via the transfer of the will contest under § 30-2429.01, "jurisdiction over the proceeding on the contest" does not divest the county court of its original jurisdiction in probate to protect the estate during the pendency of that will contest by considering the merits of a petition for a special administrator and request for a restraining order on the personal representative. The statements in *In re Estate of Miller* that were relied on by the county court must be read in the context of the holding in that case, which was that the county court lacked jurisdiction to tax costs and fees specifically relating to the allegedly vexatious will contest that had been transferred to the district court.[32] We said in that context that "[w]hen a will contest is transferred pursuant to [§ 30-2429.01], the district court obtains jurisdiction over all proceedings related to the action"; "[j]urisdiction remains with the district court until a final decision is reached as to the will's validity and the case remanded to the county court"; and "[o]nce the contest is transferred to the district court, the county probate court has no authority over the matter other than to carry out the district court's final decision after remand."[33]

---

[30] *Id.* at 706, 772 N.W.2d at 109.

[31] *Id.* (emphasis supplied).

[32] See *In re Estate of Miller, supra* note 1.

[33] *Id.* at 729, 437 N.W.2d at 797.

We disapprove of *In re Estate of Miller* to the extent it could be read as suggesting that during the pendency of a will contest proceeding transferred to district court, the county court is divested of its original jurisdiction over the administration of a probate estate outside the contours of the will contest proceeding. We will not delineate here what hypothetical matters might lie outside the contours of a transferred will contest in another case, but hold that the matters submitted by Anderson and Noble laid outside the boundaries of the will contest. Thus, the county court was not divested of jurisdiction to decide those matters.

## CONCLUSION

Although the parties dispute the underlying merits of Anderson and Noble's petition for a special administrator and request for a restraining order on the personal representative, we will not decide those matters for the first time on appeal when they were not decided by the county court because of its erroneous belief that it lacked jurisdiction. We reverse the order of the county court and remand the cause for further proceedings.

Reversed and remanded for
further proceedings.