IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE TRUST OF GIVENTER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE TRUST OF PEARL R. GIVENTER, DECEASED.

EDWARD F. FOGARTY, APPELLANT,

V.

WELLS FARGO BANK, N.A., TRUSTEE, AND MARLYS LEBOWITZ,
PERSONAL REPRESENTATIVE, APPELLEES.

Filed March 28, 2023.    No. A-22-433.

Appeal from the County Court for Douglas County: CRAIG Q. MCDERMOTT, Judge. Affirmed.

Edward F. Fogarty, pro se.

Scott D. Jochim and Josiah J. Shanks, of Croker Huck Law Firm, for appellee Wells Fargo Bank, N.A.

Diana J. Vogt and James L. Schneider, of Sherrets, Bruno & Vogt, L.L.C., for appellee Marlys Lebowitz.

MOORE and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

This appeal involves ongoing litigation regarding the trust of Pearl R. Giventer, who passed away in 2013. Edward F. Fogarty appeals the Douglas County Court's December 2021 order dismissing his complaint for pre-death attorney fees and costs due to lack of standing and the court's May 2022 order denying his motion to alter or amend and/or grant a new trial. For the reasons set forth herein, we affirm.

- 1 -

STATEMENT OF FACTS

FACTS RELATED TO PREVIOUS LITIGATION

In 1996, Pearl established a revocable trust which was amended in 2005 and 2008. An April 2010 settlement agreement provided, inter alia, that Pearl would not take any action to amend, alter, or change the dispositive provisions of her trust and the settlement agreement without the prior written consent of both the successor trustee and a third-party unrelated to Pearl selected by agreement of the successor trustee and Pearl's two children.

In July 2010, a guardian and conservator were appointed for Pearl based upon documentation showing that Pearl had Alzheimer's disease and dementia and exhibited signs of cognitive decline and impairment.

In January 2011, while under guardianship, Pearl executed a client noncontingent fee agreement with Fogarty. In June, the Douglas County Court found that Fogarty's authority to act as an attorney for Pearl was limited to "the sole purpose of challenging the guardianship, the terms of the guardianship, or the actions of the guardian on behalf of the ward." On Pearl's behalf, Fogarty challenged the county court's ruling limiting the scope of representation. While the guardianship and conservatorship were in place and pending appeal, Fogarty prepared a will ostensibly at Pearl's request which Pearl signed in September 2012. In 2013, this court affirmed this limitation of Fogarty's representation of Pearl. See *In re Guardianship of Giventer*, No. A-11-806 and A-11-974, 2013 WL 2106656 (Neb. App. Apr. 9, 2013) (selected for posting to court website).

Pearl passed away in May 2013. Following her death, a proceeding was commenced to administer the Trust created by Pearl Giventer (PR 10-683) (herein Trust Proceedings) and to probate Pearl's will (PR 13-664) (herein Probate Proceedings). In June 2013, Fogarty filed an application in the Trust Proceedings for the payment of $138,096.47 in fees and costs for services incurred during Pearl's lifetime. This application included itemized statements of fees incurred prior to Pearl's death. In 2015, within the Trust Proceedings, the county court found that the 2012 Will drafted by Fogarty was "of no force and effect" which determination was affirmed by this court. See *In re Matter of the Trust of Giventer*, A-15-825 (November 4, 2016) (memorandum opinion – not selected for posting to court website).

Fogarty continued to file motions in the county court in the Trust Proceedings and Probate Proceedings relating to these fees including, but not limited to, a 2016 claim filed in the conservatorship, trust, and probate proceedings on "Informational and Supplemental Cumulative Interim Claim of Edward F. Fogarty, Creditor" for fees and costs incurred prior to Pearl's death and a March 2018 statement of claim in which he claimed pre-death attorney fees and expenses related to the trust.

On June 26, 2018, within the Trust Proceedings, the Douglas County Court dismissed all of Fogarty's claims for fees and expenses in the Trust Proceedings explicitly finding that the "Liens, Claims, Petitions and/or Motions of Edward Fogarty and J. Bruce Tiechman filed in this Trust matter are hereby dismissed as Mr. Fogarty and Mr. Tiechman do not have standing in the Trust matter." Neither Fogarty nor Tiechman appealed from this order.

Regarding Fogarty's "Informational and Supplemental Cumulative Interim Claim" filed in the probate proceeding, to the extent that the filing was a claim or notice of claim in the probate proceedings, the special administrator disallowed the filing noting that Fogarty had not previously claimed fees in the probate proceeding. The county court held that Fogarty's claim for pre-death fees in the probate proceedings were filed outside the 3-year statute of limitations and this determination was affirmed by the Nebraska Supreme Court in *In re Estate of Giventer*, 310 Neb. 39, 964 N.W.2d 234 (2021). The Nebraska Supreme Court further noted:

> But the liability of Pearl's trust is not an issue before us. As we have already noted, this appeal arises from the probate proceedings involving Pearl's estate, not the trust proceedings. In the context of the probate proceedings, the county court did not have jurisdiction to rule on whether Fogarty could receive predeath fees and expenses from the trust, and consequently, neither do we.

*Id*., 310 Neb. at 56, 964 N.W.2d at 246.

## CURRENT LITIGATION

Following the release of the Nebraska Supreme Court's opinion in *In re Estate of Giventer, id.*, Fogarty once again filed a complaint in the Trust Proceedings seeking $138,096.47 in attorney fees for legal services and associated costs provided to Pearl prior to her death. Lebowitz, as personal representative of Pearl's estate, and Wells Fargo, the trustee bank, filed motions to strike Fogarty's complaint. The motions to strike filed by Lebowitz and Wells Fargo asserted that the Douglas County Court's June 26, 2018, order previously held that Fogarty had no standing in the trust matter.

In December 2021, the Douglas County Court granted Lebowitz' and Wells Fargo's motions to strike Fogarty's complaint without making specific findings related to those motions. Fogarty timely filed a motion to alter or amend the court's order regarding pre-death fees and/or grant of a new trial. Following a hearing thereon, in May 2022, the county court denied Fogarty's motion noting, inter alia, that Fogarty's complaint failed to state a claim upon which relief could be granted. Specifically, the court found

> that Fogarty briefly argued or stated at [the] hearing on December 14, 2021, that the proper attack should be presented as a failure to state a claim upon which relief can be granted, and counsel for Movant basically argued that Fogarty did not have a claim upon which relief could be granted and further that there was a lack of standing; thus, even if the court treats the Motion to Strike as a motion that a proper claim was not stated upon which relief can be granted, this court would grant the same as a claim was not stated upon which relief can be granted; the underlying claims of Fogarty . . . for pre-death fees were denied by the court under the estate proceeding as not being timely filed within three (3) years and the same was affirmed by the Nebraska Supreme Court (No. S-20-111 and 310 Neb. 39 (2021)); thus, the time-barred claim cannot be pursued; there was not a showing that a personal representative received a written demand and a proceeding against the estate was not commenced within one (1) year after the death of decedent (see § 30-3850(3)); the application for claim of $138,096.47 pre-death fees by Fogarty . . . was filed on June 12,

2013, in the trust case itself, after the death of settlor, Pearl Giventer, which occurred on May 10, 2013; further, . . . Fogarty . . . [cannot] proceed directly against the Trust as [he] did not perform services in relation to the Trust itself and did not file [his] claim during the lifetime of the settlor, Pearl Giventer . . .

This appeal followed.

ASSIGNMENTS OF ERROR

Fogarty's assignments of error, restated, are that the county court erred in (1) failing to award reasonable pre-death fees and expenses and other equitable relief; (2) failing to order "a process at least approximating a summary judgment or judgment on the pleadings or one along the 'consolidate and due process' model"; (3) excluding relevant and necessary evidence; and (4) failing to find that the appellees were equitably estopped from opposing his pre-death fees and expenses from Pearl's trust.

STANDARD OF REVIEW

Whether a party who commences an action has standing, and is therefore the real party in interest, presents a jurisdictional issue. *Alpha Wealth Advisors v. Cook*, 313 Neb. 237, 983 N.W.2d 526 (2023). When a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court. *Id*.

ANALYSIS

Before addressing Fogarty's assigned errors, we first address whether Fogarty has standing in this matter. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, and this is so even where neither party has raised the issue. *In re Interest of K.C.*, 313 Neb. 385, 984 N.W.3d 277 (2023).

Standing refers to whether a party had, at the commencement of the litigation, a personal stake in the outcome of the litigation that would warrant a court's exercise of its subject matter jurisdiction and remedial powers on that party's behalf. *Alpha Wealth Advisors v. Cook, supra*. A party must have standing before a court can exercise jurisdiction, and either a party or the court can raise a question of standing at any time during the proceeding. *Id*.

Here, in the county court's June 26, 2018, order, the court held that the "Liens, Claims, Petitions and/or Motions . . . filed in this Trust matter are hereby dismissed" because of Fogarty's lack of standing in the Trust Proceedings. This finding encompassed Fogarty's multiple claims for pre-death attorney fees and costs filed in the Trust Proceedings which he now attempts to relitigate in connection with the current filing made in the same case in which the June 26 order was issued. The question becomes whether Fogarty can relitigate the 2018 finding by the county court that he lacks standing to assert his claim for pre-death fees in the Trust Proceedings within the present claim.

Under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022), the four types of final orders which may be reviewed on appeal are (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; (2) an order affecting a substantial

right made during a special proceeding; (3) an order affecting a substantial right made on summary application in an action after a judgment is entered; and (4) an order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official. *In re Interest of K.C., supra*.

Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2022) defines a final order as "[a]n order affecting a substantial right made during a special proceeding." A proceeding under the Nebraska Probate Code is a special proceeding. *In re Estate of Anderson*, 311 Neb. 758, 974 N.W.2d 847 (2022). The question becomes whether the county court's 2018 order in the Trust Proceeding determining that Fogarty lacked standing to assert a claim for fees affected a substantial right. We hold that it does.

In *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006), the Nebraska Supreme Court examined whether the county court's order dismissing an attorney-in-fact for lack of standing in a guardianship and conservatorship proceedings was a final order for the purposes of appeal. After reciting final order jurisprudence governing special proceedings, in determining whether the dismissal order affected a substantial right, the Court held that "[A] peremptory denial of permission to file a claim is a final, appealable order." *Id*., 270 Neb. at 850, 708 N.W.2d at 273. See, also, *In re Estate of Emery*, 258 Neb. 789, 606 N.W.2d 750 (2000).

The county court's June 26, 2018, order denied Fogarty permission to file a claim for fees and costs in the Trust Proceeding for lack of standing. That order affected a substantial right in a special proceeding. Fogarty did not appeal from the county court's order.

The Nebraska Supreme Court has noted:

> Res judicata, the law of the case, and stare decisis are members of the same family and have in view the final termination of controverted questions of fact and of law. Where a final judgment has been entered on a proved or admitted state of facts, it is conclusive on the parties and their privies, and where this court has declared that a given rule is applicable to a question before it, and the case is brought here a second time, the rule thus announced becomes the law of the case and will not be changed, unless the testimony on the second trial materially differs from that on the first, or there is some other strong reason for adopting a different rule.

*Scott v. Scotts Bluff County*, 106 Neb. 355, 183 N.W. 573, 574 (1921).

Under the law-of-the-case doctrine, a well-recognized waiver rule has emerged: A decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision. *Pinnacle Enters. v. City of Papillion*, 302 Neb. 297, 923 N.W.2d 372 (2019). Accord *Becher v. Becher*, 311 Neb. 1, 970 N.W.2d 472 (2022). The law-of-the-case doctrine reflects the principle that an issue that has been litigated and decided in one stage of a case should not be relitigated at a later stage. *Spratt v. Crete Carrier Corp.*, 311 Neb. 262, 971 N.W.2d 335 (2022). The law-of-the-case doctrine promotes judicial efficiency and protects parties' settled expectations by preventing parties from relitigating settled issues within a single action. *Id*.

Fogarty's failure to appeal the county court's 2018 order finding that he lacked standing in the Trust Proceedings waived any objections to the court's determination on this issue and prevents him from subsequently litigating it. Accordingly, the county court properly dismissed Fogarty's

claim for pre-death fees and costs against the Trust based upon the court's 2018 determination that Fogarty lacked standing in the Trust matter.

Having determined that Fogarty's current claim for pre-death attorney fees and costs are barred by the law-of-the-case doctrine based upon the county court's 2018 order determining that Fogarty lacked standing in the trust case, we need not consider Fogarty's remaining assignments of error. See *Schaeffer v. Frakes*, 313 Neb. 337, 984 N.W.2d 290 (2023) (appellate court not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

CONCLUSION

Having determined that the Douglas County Court previously determined in its June 26, 2018, order finding that Fogarty's "Liens, Claims, Petitions and/or Motions . . . filed in this Trust matter are hereby dismissed" because Fogarty lacked standing, was a final order which was not appealed, the law-of-the case doctrine precludes this subsequent relitigation of the issue of pre-death attorney fees and costs. Accordingly, we affirm the order of the county court.

AFFIRMED.

RIEDMANN, Judge, participating on briefs.